ESAU, Respondent, vs. GREENE & BUTTON COMPANY, Appellant.

*September 3 — September 22, 1896.*

*Promissory notes: Transfer without indorsement: Delivery with option to return.*

A debtor, who held notes of a third person payable to his order, delivered them to his creditor, who agreed that if, upon inquiry, he found the notes to be good he would apply the amount thereof on the indebtedness, but otherwise would return them. Afterwards, on demand of the debtor, the creditor refused to return the notes. *Held,* that such refusal was an exercise of the creditor's option to retain the notes, and vested the title in him, even though they had not been indorsed by the debtor.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

One Arthur E. Stein was indebted to the defendant in the sum of $700. He held notes against one Edward W. Vogel to the amount of $675. He offered these notes to the defendant, to be applied upon his indebtedness to it. The defendant received the notes with the agreement that it should make inquiry, and, if it became satisfied that the notes were good and the maker solvent, it would apply the amount to the payment of Stein's indebtedness; otherwise it would return the notes to Stein. Afterwards Stein demanded the return of the notes to him, which was denied. The notes were not indorsed by Stein, and the defendant did not desire their indorsement. Stein then assigned the notes to the plaintiff. Plaintiff gave notice to the defendant of the assignment, and demanded delivery of the notes to him, which was refused. He then brought this action for the conversion of the notes. To the complaint, setting up, in substance, these facts, the defendant demurred on the ground that it does not state a cause of action. From an order overruling the demurrer this appeal is taken.

---

Silber vs. Larkin and others.

---

For the appellant there was a brief by *Turner, Bloodgood & Kemper*, attorneys, and *Jackson B. Kemper*, of counsel,. and oral argument by *Jackson B. Kemper*.
*Christian Doerfler*, for the respondent.

NEWMAN, J.  No doubt, under the agreement, it was in the defendant's option to retain the notes and apply them on Stein's debt. Its refusal to return them on demand was. an exercise of that option, which was conclusive upon it. Under the agreement upon which the notes had been delivered to it by Stein, it operated to vest the title to the notes. in it, and, of course, to defeat Stein's title. It is unimportant that Stein did not indorse the notes. Title would pass. without it, and, being for the defendant's benefit, it might waive it. Of course, under these circumstances, Stein could give to the plaintiff no better title to the notes than he himself had. The demurrer should have been sustained.

*By the Court.*— The order of the superior court of Milwaukee county is reversed, and the cause remanded with direction to enter an order sustaining the demurrer.