NORTON, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 15—November 7, 1906.*

*Forgery: Check payable to order of another person: Intent to defraud: Evidence: Appeal and error: Record: Matters reviewable.*

1. A check falsely made with intent to defraud and apparently sufficient on its face is a forgery, even though other steps (such as indorsement by the payee) would be necessary, if it were genuine, to perfect it in the hands of the accused.

2. A check payable to the order of the payee may be transferred without his indorsement and hence cannot be said not to be the subject of forgery by another person because without value in his hands.

3. The question of defendant's intent to defraud in falsely making a check is *held*, upon the evidence in this case, to have been one for the jury.

4. Where in a criminal case the bill of exceptions contains no exception to any portion of the charge to the jury, and the motion for a new trial did not specifically point out objectionable portions thereof, errors assigned upon the charge are not reviewable.

ERROR to review a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

On January 6, 1906, complaint was made in the municipal court for the city of Sheboygan charging plaintiff in error with forgery of an instrument of the tenor following:

"Sheboygan, Wis., Jan. 6, 1906.     No. 14.
"BANK OF SHEBOYGAN
"Pay to John Walsh or order                    $52 75-100
  "Fifty-two                                          Dollars
                              "ERNEST GONZENBACH."

A warrant was issued. Plaintiff in error was arrested and bound over to the circuit court. He was there tried upon the information charging him with the forgery of this instrument, and found guilty by the verdict of the jury. The court pronounced sentence upon the verdict, imposing as pun-

ishment confinement at hard labor in state prison for the term of eighteen months. The case is before this court for review on writ of error.

*T. M. Bowler,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and oral argument by *Mr. Titus.*

SIEBECKER, J. The plaintiff in error was convicted on the charge of forging the check set out in the foregoing statement. It is averred that forgery cannot be predicated on this instrument because it had no legal efficacy in the hands of defendant. There is no question but that an instrument which is clearly void upon its face cannot be made the subject 'of forgery. *John v. State,* 23 Wis. 504. The check in question upon its face is in the usual form, and in the hands of the payee, if genuine, would be a binding obligation. The claim is made, however, that this check, if genuine, was not available to the plaintiff in error without the indorsement of Walsh, and that it must be held to be void and valueless in his hands, since the law could not presume that he could collude with Walsh to obtain his indorsement or that he would commit the offense of falsely impersonating him or forging his name as an indorser. We find no force in these objections. If plaintiff in error were charged with the offense of uttering this paper the considerations suggested in support of these contentions might have a bearing, but no such offense is here charged. It is immaterial that the instrument is not available for reasons not appearing on the face of it. If it is falsely made with intent to defraud and apparently sufficient on its face it is a forgery, though other steps were required to be taken, if it were genuine, to perfect it in plaintiff in error's hands. This is upon the ground that an instrument apparently valid on its face is only voidable, if genuine, by impeaching it directly. And so here, if plaintiff in error had

passed this check, which is complete and valid on its face, its invalidity would be made to appear only by extrinsic evidence impeaching its apparent validity. Under such circumstances the instrument, if falsely made with intent to defraud, is held to be a forgery because it purports to be good. *Comm. v. Costello,* 120 Mass. 358; *U. S. v. Turner,* 7 Pet. 132; *Barnum v. State,* 15 Ohio, 717; *Harding v. State,* 54 Ind. 359; *Arnold v. Cost,* 3 Gill & J. 219; *Hess v. State,* 5 Ohio, 5; 19 Cyc. 1380. The contention that the check was without value in the hands of the plaintiff in error without the indorsement of Walsh is refuted by the decision of this court to the effect that a negotiable paper payable to the order of the payee may be transferred without his indorsement. *Esau v. Greene & B. Co.* 94 Wis. 8, 68 N. W. 405; *Lawless v. State,* 114 Wis. 189, 89 N. W. 891.

It is urged that the evidence fails to show that, if the plaintiff in error falsely made this check, he did so with intent to defraud. There is evidence in the case tending to show that plaintiff in error signed the name of Ernest Gonzenbach without authority; that he, in conversation with a clothing merchant, mentioned the fact of his having a check and made suggestions as to having it cashed; and that a check, with the one which he is charged with having forged, was found in his possession on the day of his arrest. He could give no satisfactory explanation as to how he had obtained them. Coupled with his admission to the officer when arrested, referring to an alleged former forgery, that he had "been at it again," this evidence furnished sufficient basis for submitting the question of the fraudulent intent to the jury. We find that the court fully apprised the jury that, in order to justify a conviction, the intent of the plaintiff in error to defraud must be found to have existed when he made the check. We are of the opinion that this question of intent to defraud was properly submitted to the jury, and, under the circumstances, their finding is warranted and binding.

We are of the same opinion as to the sufficiency of the evidence that the offense was committed in Sheboygan county.

Some errors are assigned upon the charge of the court to the jury. The bill of exceptions contains no exception to any portion of the charge, nor does the motion for a new trial specifically point out, as a ground for a new trial, the objectionable portions of the charge. This state of the record does not present these questions for review by this court. *Nisbet v. Gill,* 38 Wis. 657; *Dean v. C. & N. W. R. Co.* 43 Wis. 305; *Wells v. Perkins,* 43 Wis. 160; *Grabowski v. State,* 126 Wis. 447, 105 N. W. 805.

*By the Court.*—Judgment affirmed.