HANSEN, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 14—February 9, 1943.*

294

The cause was submitted for the appellant on the brief of *Cavanagh, Stephenson & Mittelstaed* of Kenosha, and for the respondent Industrial Commission on the brief of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

FOWLER, J.   Action was brought by the plaintiff to review an award of the Industrial Commission under the Workmen's Compensation Act.   The circuit court affirmed the award. The plaintiff has appealed to this court from the judgment of affirmance.   The Workmen's Compensation Act, incorporated in ch. 102, Stats., will hereinafter be referred to as "the act."

The evidentiary facts of the case are entirely without dispute.   The plaintiff is a carpenter.   For ten years prior to 1931 he was in business as a contractor erecting buildings.   He then carried industrial compensation insurance.   In April, 1931, he abandoned that business and canceled his insurance. From that time until June, 1940, he did no contracting business whatever and had no one in his employ.   He was for the entire nine years in the employ of others at an hourly wage or employed in the state department of agriculture as an apiary inspector.   In June, 1940, he took a contract for constructing

one building and he then intended from then on to do business as a building contractor. He employed Hlavacek to work with him in the constructing of it. Hlavacek was injured while so engaged on August 1, 1940, and applied to the commission for compensation.

Up to that time the plaintiff had at no time three employees; had taken out no compensation insurance; and had made no election to bring himself within the act in conducting his newly instituted contracting business by filing notice with the commission that he accepted the provisions of the act. The commission held that under the provisions of sub. (3) of sec. 102.04 and subs. (1), (2), and (3) of sec. 102.05, Stats., the plaintiff was subject to the act at the time of Hlavacek's injury because he did not on or after abandoning the contracting business in 1931 formally withdraw as provided by those statutes the election to come under the act that he had theretofore made under those statutes by taking out compensation insurance.

The statutes referred to so far as here material provide as follows:

Sec. 102.04 (3), Stats.: Every employer [Hansen] is under the act "who has in his service any person [Hlavacek] who, at or prior to the time of injury to the employee [Hlavacek] for which compensation is claimed, shall" have elected under sec. 102.05 to come under the act, "and who [Hansen] shall not prior to such accident have effected a withdrawal of such election in the manner provided in subsection (1) of section 102.05."

Sec. 102.05 (1), Stats.: Election of an employer [Hansen] to come under the act shall be made "by filing with the commission, a written statement that he accepted the provisions" of the act; and the filing of such statement shall operate to subject such employer to the provisions of the act "unless he shall file in the office of said commission a notice that he desires to withdraw his election."

(2) An employer (Hansen) is "deemed to have elected to accept the provisions" of the act if he at any time has three or more employees, unless he shall have filed with the commission a notice in writing that he elects not to accept, and an employer so coming under the act may withdraw as provided in sub. (1).

(3) An employer who takes out compensation insurance is deemed to have thereby elected to come under the act, and such election shall remain in force until withdrawn as provided in sub. (1).

Thus at the time of Hlavacek's injury the plaintiff had taken none of the three steps provided by the statutes stated for bringing him under the act in conducting the newly instituted contracting business. The commission held him to be under the act solely because he had been under the act nine years before and had not withdrawn in form as provided by the act the election to be under the act in the conduct of his former business effectuated by his then carrying compensation insurance, although he had canceled that insurance when he abandoned the business. By the same token, had the lapse of time between quitting the old and starting the new contracting business been forty instead of nine years, Hansen would now be subject to the act. And by the same token, had Hansen died after quitting the old business, he would yet be under the act, and would remain so through eternity.

Obviously there must be some limit to a literal application of the statute, else absurdities and *non sequiturs* will result. One cannot be an employer unless he has employees, and for nine years Hansen had no employees and was therefore not an employer, and not being an employer at all he was not for that nine years an employer under the act. His status as an employer was just as effectively terminated by his abandonment of his business as it could have been by filing a written withdrawal of his previous acceptance with the commission. It was just as effectively terminated as that of the employee was

terminated without any notice of discharge by the employer or quitting by the employee by an injury to the employee of such nature that it prevented him from ever again resuming the employment in which he was engaged in *Montreal Mining Co. v. Industrial Comm.* 225 Wis. 1, 272 N. W. 828. In interpreting and applying statutes we must look for their reasonable intendment and not apply them to situations outside their reasonable contemplation. The problem here is to determine the reasonable intendment of the act. To us it seems that the act contemplates a continuous pursuit of an existing business, as distinguished from a plain and absolute abandonment of it—a temporary suspension with intention of resumption when the purpose of the suspension shall be accomplished or the cause for it no longer exists, as distinguished from an intentional and absolute abandonment of it. This view is impliedly supported by the holding of the court in other cases— as in *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191, where a temporary suspension was involved. In all of the cases cited by respondents wherein subjection to the act was held to continue because the employee had not withdrawn his acceptance of the provisions of the act by filing written notice of withdrawal with the commission there was a continuous operation of the business involved, and we have no doubt it is to such cases only that the legislature intended the provisions of the act as to withdrawal of acceptance to apply. It is, of course, the employer and not the business that becomes liable by acceptance of the provisions of the act, but the act certainly does not contemplate that if an employer in conducting a business accepts the provisions of the act and later abandons that business without formally withdrawing that acceptance and forty years afterward commences an entirely different line of business in which he employs and intends to employ only a single employee that that employer becomes subject to the act as to that single employee in case of injury to him sustained in course of his employment.

It is urged that by analogy the rule should be applied in the instant case that holds an employer is subject to the act because he has employed three employees at a time and later employs only one, and does not withdraw his election to be under the act as provided by the act. But it is of significance that the reasons for holding that such an employer remains subject to the act do not apply to the existing situation. That reason is that neither the single employee nor the Industrial Commission will know, nor can either ascertain, if the single employee is injured in course of his employment whether he is entitled to recover under the act or is subject to the rules for recovery that obtain at common law. The employer in such case could play fast and loose. He could hold the employee to the common-law rule of liability, or limit his recovery to that prescribed by the act, whichever might be to his advantage. That reason does not apply where there is not a continuance of business, but instead a newly instituted one. In case of the latter, where there has been only a single employee and no filing of acceptance of the act by the employer, the employee knows or may ascertain the nonfiling of acceptance, and neither the employer nor the employee can pick or choose. *Guse v. Industrial Comm.* 189 Wis. 471, 482, 483, 205 N. W. 428, 208 N. W. 493. Where the reason of a rule does not apply neither does the rule.

A fact not heretofore stated also seems to us as matter of law to rule this case. It is undisputed that after abandoning his business in 1931 and canceling his insurance Hansen received a communication from the commission "inquiring why" the insurance was canceled. At that time he filled out and sent to the commission "a certain form which the commission asked" him to fill out and return. He does "not know whether it was an official withdrawal paper or not"— does "not recall what the paper was." The record discloses nothing further relating to this matter. On the assumption that this court takes judicial notice of the records and files

of the Industrial Commission, as it does of those of the public service commission, *Wisconsin Power & Light Co. v. Beloit,* 215 Wis. 439, 254 N. W. 119, the court requested the commission to exhibit the correspondence as to such matter if its files contained any or the form of inquiry sent in 1931 to an employer who canceled insurance if its files contained such. The correspondence of 1931 has been 'destroyed under statutory provision, and no form of inquiry then used was on file. There is a notation in a department of the commission that Hansen had "no employees since November, 1930." We consider that under the state of the record and the commission's records and files the written information furnished the commission by Hansen informed them that he had abandoned the contracting business and was the equivalent of a formal filing with the commission of a withdrawal in writing of the acceptance of the provisions of the act effectuated by his taking out of insurance. *Montreal Mining Co. Case, supra.*

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with instructions to enter judgment vacating the award of the commission.