THORP FINANCE CORPORATION, Respondent, vs. LEMIRE, Appellant.

*May 6—June 2, 1953.*

For the appellant there were briefs by *Doar & Knowles* of New Richmond, and oral argument by *John Doar* and *W. T. Doar, Jr.*

For the respondent there was a brief by *Gwin & Petersen* of Hudson, and oral argument by *Hugh F. Gwin* and by *Kenneth M. McLeod* of Fond du Lac.

CURRIE, J. It is the contention of counsel for the appellant LeMire that the failure of the seller Stoltz to deliver the furniture constituted a failure of consideration which could be asserted by the purchaser LeMire as a defense in the action instituted by the Finance Company, as assignee of the conditional sales contract, to recover the balance due under the terms of the contract. In support of such position, counsel cite Restatement, 1 Contracts, p. 212, sec. 167, sub. (1) 3, illustration 3, reading as follows:

"3. A has a bilateral contract with B, in which the promises are dependent. A assigns his rights thereunder to C, who informs B of the assignment. Thereafter, A wholly fails to perform his own duties under the bilateral contract. C has no right against B."

However, counsel for the respondent Finance Company urge that LeMire is estopped to set up the defense of failure of consideration due to the nondelivery of the furniture by reason of the recital in the contract by which LeMire "acknowledges delivery and acceptance of" the furniture. Unless estoppel can be asserted against LeMire by the Finance Company, the principle of law set forth in the above-quoted illustration from the Restatement would apply. The well-accepted general rule is that an assignee of a contract, other than a negotiable instrument, acquires no greater rights by reason of the assignment than were possessed by the assignor.

In the case of *Norman F. Thiex, Inc., v. General M. A. Corp.* (1935), 218 Wis. 14, 259 N. W. 855, this court had before it the question of whether a purchaser of an automobile under a conditional sales contract was estopped by his conduct from asserting a defense against the defendant assignee of such contract, which defense would have been good against the seller assignor. The holding of the court on this point is well stated in headnote 1 of the decision as follows:

"The general rule that an assignee acquires no greater rights than his assignor is subject to the qualification that the debtor may by his representations or conduct estop himself to set up against the assignee defenses which were available to him against the assignor."

This court in *Malas v. Lounsbury* (1927), 193 Wis. 531, 214 N. W. 332, had before it a fact situation very similar to that present in the instant case. The plaintiff Malas had purchased from the defendant Lounsbury a refrigerating plant under a conditional sales contract in which it was stated: "Delivery and acceptance of which [the refrigerating

plant] is hereby acknowledged by the buyer." The seller Lounsbury assigned the contract for value to the defendant Acceptance Company. The majority opinion of the court held that, because the purchaser Malas had been induced to enter into the contract by the fraudulent representation of the seller that the plant was at the depot in Madison, when in fact it was not, such fraud rendered the contract void and unenforceable in the hands of the assignee. Mr. Justice OWEN dissented, and in his dissenting opinion stated (p. 537):

"I know of no reason why a party situated as Malas may not estop himself from claiming nondelivery of the machine as against the assignee of Lounsbury. It seems to me that this was effectually done when by his own declarations he led the Southern Wisconsin Acceptance Company to believe that the machine had been delivered, installed, and accepted."

In the instant case the contract was not induced by any fraudulent representations, the verbal promise to deliver the furniture in fourteen days not being a representation of an existing fact but a promise to do something in the future. This absence of fraud distinguishes the case at bar from *Malas v. Lounsbury, supra.* However, the above-quoted portion of the dissenting opinion by Mr. Justice OWEN is a correct statement of the principle of law applicable to a fact situation such as we have in the case at bar.

We fully approve of the following statement made by the California supreme court in its opinion in *Parker v. Funk* (1921), 185 Cal. 347, 353, 197 Pac. 83, as follows:

"It is, of course, not difficult to imagine a case where a recital is put into a contract for the very purpose of having it acted on. For example, conditional sales contracts of automobiles are largely dealt in by way of sale and assignment, and if it appeared in the present case that the defendant had acknowledged the receipt of the subject of the sale prior to his actually having received it, in order that his vendor might the more easily realize upon the contract, or even under cir-

cumstances such that he should have known that someone in reliance upon the recital would not improbably purchase the contract as one for the sale of a completed and delivered article, he would undoubtedly be estopped from showing the contrary."

If it were not for certain additional facts in the instant case not heretofore mentioned, we would be compelled to hold under the foregoing authorities that LeMire, by his recital in the contract acknowledging the receipt of the furniture, thereby estopped himself from asserting in the present action the failure of consideration due to the nondelivery by the seller Stoltz of the furniture. However, it is the contention of counsel for LeMire that prior to the Finance Company's purchase of the contract from Stoltz on December 20, 1950, the Finance Company had knowledge that Stoltz had been obtaining signed conditional sales contracts from purchasers of furniture which recited delivery, when in fact no delivery had been made. It is therefore urged that the Finance Company should have been put on its guard by reason of such prior knowledge and by reason thereof should have made some inquiries as to whether the furniture being purchased by LeMire had actually been delivered on the date it purchased the contract from Stoltz; and, that such failure to make inquiry constituted a failure by the Finance Company to act in good faith and in the exercise of due diligence in purchasing the LeMire contract.

At the trial counsel for LeMire attempted to introduce in evidence certain letters to and from the Finance Company's office at Frederic which tended to prove that the Finance Company had knowledge prior to December 20, 1950 (the date it purchased LeMire's contract), that Stoltz had been selling conditional sales contracts to the Finance Company as to which the merchandise purchased had not as yet been delivered to the purchaser. The trial court sustained objections to the introduction of such evidence. Such ruling was

made on the ground that such letters related to other transactions between Stoltz and the Finance Company and therefore raised collateral issues not material to the cause of action of the Finance Company against LeMire.

After the trial court had so ruled adversely as to the admissions of these letters, counsel for LeMire made a formal offer of proof as to five of the letters. One of such letters was dated December 15, 1950, and was from the secretary-treasurer of the Finance Company to the Frederic office of the company and contained the following paragraph:

"Apparently these people [Stoltz] are selling you conditional sales contracts on items which have not been delivered. Will you please get this straightened out at once."

Another of such letters was from the vice-president of the Finance Company to Perry, the manager of its Frederic office, dated December 12, 1950, and contained the following paragraph:

"Again we are rather skeptical in accepting this contract [signed by one Lottie Parmeter], for as yet we have had no reply to our letter of recent date in regard to contracts you were purchasing from the Northwest Distributing Company [Stoltz]."

The rejected letters were relevant and material as tending to establish that at the time the Finance Company purchased LeMire's contract it had actual notice that Stoltz had been engaged in the practice of selling contracts to the Finance Company that recited delivery of merchandise which actually had not been delivered. The Finance Company would be prevented from invoking estoppel against LeMire, based upon the recital of delivery of the merchandise, if the Finance Company, at the time it purchased LeMire's contract, was not acting in good faith and exercising due diligence. The law with respect to this is well stated in 19 Am. Jur., Estoppel, pp. 739, 741, sec. 86:

"Since the doctrine of estoppel *in pais* is founded upon principles of morality and fair dealing and is available only for the protection of claims made in good faith, the party setting up an estoppel is himself bound to the exercise of good faith in the transaction and in his reliance upon the words or conduct of the other party. . . .

"Good faith is generally regarded, however, as requiring the exercise of reasonable diligence to learn the truth, and, accordingly, estoppel is denied where the party claiming it was put on inquiry as to the truth and had available means for ascertaining it, at least where the element of actual fraud is absent."

The rejected letters should have been admitted in evidence. There must be a new trial had in order to enable counsel for LeMire to offer whatever evidence they have bearing on the question of exercise of good faith and due diligence on the part of the Finance Company in purchasing the LeMire contract from Stoltz and relying on the recital of delivery contained therein. At the new trial it will be for the trial court to determine whether sufficient evidence has been produced by LeMire on the issue of the exercise of good faith and due diligence by the Finance Company in purchasing the LeMire contract to warrant submitting such issue to the jury.

The trial court made a statement in the record, after counsel for the plaintiff had moved for a directed verdict, explaining the court's reasons for granting such motion. In such statement the trial court declared that it would be a violation of the parol-evidence rule to permit LeMire to prove that the furniture being purchased by him from Stoltz had never been delivered when the contract itself recited such delivery.

The learned trial court was in error in his conclusion that the parol-evidence rule would preclude LeMire from proving the nondelivery of the furniture. 4 Jones, Com-

mentaries on Evidence (2d ed.), p. 2859, sec. 1563, states the applicable principle of law as follows:

"We point out in preceding sections that evidence extrinsic to a writing which goes in legal avoidance of the entire writing or agreement is admissible. When entire want of consideration is pleaded, or offered to be shown under such form of pleading as may warrant such showing, the offer of proof goes to an avoidance of the entire agreement and to show that the writing is without legal force. *The same is true where failure of consideration is set up. It is immaterial whether the attempt be regarded as one to establish fraud or merely as going to the matter of performance and enforceability.* Viewed in either aspect, the substantive law recognizes a remedy, and that remedy goes to the very existence of the writing as a legally effective and enforceable thing. It goes, not in contradiction of any particular term, but to the entirety. Thus in actions on bills and notes or other contracts the defense is frequently interposed, and proved by means of extrinsic evidence, that the agreement was without consideration, or that the consideration has failed. The same applies to bills of sale, releases, and other writings. And the recital in an option not under seal of the receipt of consideration may be contradicted for the purpose of showing the invalidity of the instrument for want of consideration." (Emphasis supplied.)

To the same effect see 1 Williston, Contracts (rev. ed.), p. 398, sec. 115B. Williston points out that it is not a violation of the parol-evidence rule to show that a recital of consideration in an unsealed written agreement is untrue where such consideration consists of stating an existing fact, but that it would be a violation of the parol-evidence rule if the stated consideration was a promise to do something in the future and the offered evidence tended to establish a different promise. To show nonperformance of a promise, of course, does not violate the parol-evidence rule.

Applied to the fact situation in the instant case, the recital of delivery in the conditional sales contract signed by LeMire

was a statement of an existing fact and not of a promise to do something in the future. Therefore, at the new trial evidence showing nonreceipt of the furniture by LeMire should not be excluded on the ground that it constitutes a violation of the parol-evidence rule. The legal effect of such evidence will be dependent on how the issue of the good faith and exercise of due diligence on the part of the Finance Company is determined, because such determination will resolve the question of whether the Finance Company is entitled to invoke estoppel against LeMire. If estoppel can be properly invoked, then the fact of the nondelivery of the furniture by Stoltz to LeMire will be of no consequence and the plaintiff Finance Company will be entitled to judgment. On the other hand, if estoppel cannot be so invoked, such evidence of nondelivery will establish a failure of consideration which will require that judgment be entered in favor of LeMire dismissing the complaint and recovering on his counterclaim for the amount of the one monthly instalment on the contract price which he paid to the plaintiff.

*By the Court.*—Judgment reversed and cause remanded for a new trial consistent with this opinion.