STATE, Respondent, v. NICHOLS, Appellant.

*March 6—April 7, 1959.*

For the appellant there was a brief and oral argument by *Donald S. Eisenberg* of Madison.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

DIETERICH, J. The state of Wisconsin concedes the fact to be that there was but one instrument involved. Therefore, this case presents but one question: Did the legislature, when it created sec. 943.38 (1) (a) and (2), Stats. 1955, new Criminal Code, intend that forgery and uttering of an instrument by one as part of the same transaction constitute one crime or two separate distinct crimes?

In *Hansen v. Industrial Comm.* (1943), 242 Wis. 293, 297, 7 N. W. (2d) 881, this court said:

"The problem here is to determine the reasonable intendment of the act."

See also *State ex rel. Husting v. Board of State Canvassers* (1914), 159 Wis. 216, 150 N. W. 542, and *State ex rel. Madison v. Industrial Comm.* (1932), 207 Wis. 652, 242 N. W. 321.

Mr. William A. Platz, in his article in 1956 Wisconsin Law Review, entitled "The Criminal Code, Thumbnail History of the Code," states in part (pp. 350, 353, 376):

"Six years of research, drafting and redrafting, propaganda pro and con, more redrafting, sometimes bitter disagreement, debate, compromise, and more redrafting, have culminated in the enactment of ch. 696, Laws of 1955, creating a new Criminal Code and amending many other sections of the Wisconsin statutes. Its effective date is July 1, 1956. . . .

"The objectives of the code, as set forth in the 1953 bill may be summarized as follows: (1) Simplification of language. (2) Modernization in the light of altered criminal procedure and penal policy including probation and parole.

(3) Codification by incorporating case law into statutes. (4) Codification by stating in one chapter general principles applicable to all crimes and classifying crimes as nearly as possible according to the social interest protected. (5) Maintaining a fair balance between society's interest in speedy and efficient law enforcement and its interest in protecting accused persons from unwarranted deprivation of liberty by criminal process. . . .

"Forgery under sec. 943.38 is considerably more complex than under the 1953 draft, but more closely follows the penalty distinctions of the former law. The subjects of forgery are, however, described in more general terms than formerly. Forgery and uttering, formerly separate crimes, are now combined so that one who both forges and utters is guilty of but one offense. Considering that the making of a forged instrument is but a preharm offense—an attempt to defraud—it is logical that it should be merged with the uttering, which is usually the consummation of the fraud."

We conclude that the legislature, when it created sec. 943.38 (1) (a) and (2), Criminal Code, Stats. 1955 (entitled "Forgery"), combined and merged into a single offense forgery and uttering, so that one who both forges and utters is guilty of but one offense.

The sentence imposed on count No. 1 is affirmed respecting said offense.

The judgment of the lower court as to conviction of the defendant on count No. 2 being a nullity, is reversed and the sentence and commitment thereunder vacated with instructions to the trial court to dismiss count No. 2 of the complaint.

There was no appeal from the sentence on count No. 3 and, therefore, no opinion is expressed as to its validity.

*By the Court.*—The provisions of the judgment sentencing the defendant on the first count are affirmed, and the provisions of the judgment sentencing the defendant on the second count are hereby reversed and the commitment thereunder is vacated and set aside.