LITTLE, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 77–139–CR. Submitted on briefs September 7, 1978.— Decided October 31, 1978.*
(Also reported in 271 N.W.2d 105.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Jack E. Schairer,* assistant public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Nadim Sahar,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. Charles Allen Little (the defendant) was found guilty of forgery (uttering) pursuant to secs. 943.38 (2) [1] and 939.05,[2] Stats., after his guilty plea was accepted by the trial court.

[1] Sec. 943.38, Stats.:

"**Forgery.** (1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, may be fined not more than $5,000 or imprisoned not more than 10 years or both:

"(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; or

"(b) A public record or a certified or authenticated copy thereof; or

"(c) An official authentication or certification of a copy of a public record; or

"(d) An official return or certificate entitled to be received as evidence of its contents.

"(2) Whoever utters as genuine or possesses with intent to utter as false or as genuine any forged writing or object mentioned in sub. (1), knowing it to have been thus falsely made or altered, may be fined or imprisoned or both as provided in said subsection. . . ."

[2] Sec. 939.05, Stats.:

"**Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

"(a) Directly commits the crime; or

"(b) Intentionally aids and abets the commission of it; or

"(c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit

The factual basis for the guilty plea consisted of a police officer's testimony that Little entered a National Food Store and presented a check he knew was forged to the store manager for cashing; that the store manager recognized the check as a stolen check and called the police; that the police apprehended Little at the store when they arrived; and that Little received no money or merchandise for the check.

The issue on appeal is whether a sufficient factual basis was presented to the trial court for the acceptance of the defendant's guilty plea. We conclude that a sufficient factual basis was presented to the trial court for the acceptance of Little's guilty plea to the charge of forgery (uttering) contrary to sec. 943.38(2), Stats. We affirm the conviction.

Sec 971.08(1)(b), Stats., provides that "before the court accepts a plea of guilty or no contest, it shall: . . . (b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged." *See Ernst v. State,* 43 Wis.2d 661, 674, 170 N.W.2d 713 (1969). This court has described the purpose of such inquiry and the standard of review applicable to it as follows:

". . . The purpose of the statutory requirement for a court inquiry as to basic facts is to protect the defendant who pleads guilty voluntarily and understanding the charge brought but not realizing that his conduct does not actually fall within the statutory definition of the

it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the circumstances is a natural and probable consequence of the intended crime. This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw."

charge. What is required is a sufficient postplea inquiry to determine to the court's satisfaction that the facts, if proved, 'constitute the offense charged and whether the defendant's conduct does not amount to a defense.' At the time of taking the plea, the trial court may consider hearsay evidence, such as testimony of police officers, the preliminary examination record and other records in the case. Upon review, we are to determine whether the trial court 'possessed sufficient facts and made sufficient inquiry to satisfy itself that the acts admitted constituted the crime committed.' " *Morones v. State*, 61 Wis. 2d 544, 552, 553, 213 N.W.2d 31 (1973).

This court has set forth the elements of uttering under sec. 943.38(2) as follows:

". . . The crime with which defendant was charged, uttering a forged check, has two elements: first, that the person utter as genuine . . . any forged writing, and second, that the person know that the writing has been falsely made or altered . . . ." *Johnson v. State*, 53 Wis. 2d 787, 791, 193 N.W.2d 659 (1972).

The defendant attacks the sufficiency of the evidence to support a guilty plea on each of these two elements. The defendant's primary contention is that to "utter as genuine" a forged check he had to pass title to the check and he had to receive value for the check.

There is no statutory definition in Wisconsin of "uttering as genuine a forged object or writing." Defendant relies upon two Wisconsin cases to support his contention that to utter a forged check one must succeed in having it accepted and cashed. In each case, *Brown v. State*, 52 Wis.2d 496, 190 N.W.2d 497 (1971), and *Lawless v. State*, 114 Wis. 189, 89 N.W. 891 (1902), the court affirmed a conviction for uttering a forged check. In each case the check had not merely been presented, or offered by the defendant, but it had been accepted or cashed. Neither case raises or resolves the issue which defendant argues here.

A forgery statute is "aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity." LaFave & Scott, *Handbook on Criminal Law*, p. 671 (1972). This purpose underlies not only the prohibition against forging a false instrument but also that against possessing or uttering such an instrument. Perkins, *Criminal Law*, pp. 339–40 (2d ed. 1969). It would be anomalous for the legislature to prohibit the possession of a false instrument with intent to utter but not the tendering or offering of it. The actual tendering of a forged instrument, whether the instrument is accepted or not, is more harmful to public confidence in the genuineness of documents than is the possession of the instrument with intent to utter.

The Wisconsin forgery statute reflects this policy. Under sec. 943.38 (1) and (2) three forms of conduct are made felonies: the forging of a writing or object, the possession of a forged object with intent to utter, and the uttering of a forged object. Though these forms of conduct are distinct, they constitute only one offense, so that the person who both forges and utters an instrument is punishable for but one violation of that section. *State v. Nichols*, 7 Wis.2d 126, 129, 95 N.W.2d 765 (1959).

Little asserts that because the check he tendered was not accepted or cashed, he is guilty of only an attempt to utter. Under sec. 943.38 (1) and (2), the possession of a forged instrument with intent to utter is punishable by a fine of not more than $5,000, imprisonment for not more than ten years, or both. The uttering of a forged instrument makes one liable to the same punishment. If Little's conduct was held to be merely an attempt to utter, however, the fine or imprisonment imposed could not exceed one-half the maximum penalty for the completed

crime. Sec. 939.32, Stats.[3] If we accept Little's reasoning we would reach the anomalous result that although Little's conduct is more harmful to public confidence in the genuineness of checks than would be his possession of a forged check with intent to utter, his conduct would make him liable to only half the punishment to which he would be subject if he were charged with possessing a forged check with intent to utter.

It might be argued that the three distinct forms of conduct punishable under the forgery statute create different risks or disruptions to commercial and business activity and should be made subject to different penalties. But this argument is properly made to the legislature, not to this court. There can be no doubt that when the legislature assigned the same punishment to possession of a forged check with intent to utter and to the cashing of a forged check, it intended that punishment to apply also to one who is unsuccessful in cashing a forged check. The defendant who, with intent to defraud, was unsuccessful in cashing a forged check is not punishable under the general attempt statute, sec. 939.32, Stats.; he

[3] Sec. 939.32, Stats.:

"**Attempt.** (1) Whoever attempts to commit a felony or a battery as defined by s. 940.20 or theft as defined by s. 943.20 may be fined or imprisoned or both not to exceed one-half the maximum penalty for the completed crime; except that for an attempt to commit a crime for which the penalty is life imprisonment, the actor may be imprisoned not more than 30 years. Whoever attempts to commit a battery as defined in s. 940.205 may be imprisoned not more than one year in the county jail.

"(2) An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor."

is punishable for having committed the offense of uttering within the meaning of sec. 943.38.

Other jurisdictions which have faced this issue have similarly concluded that the acceptance or cashing of the forged check is not an element of the crime of uttering.[4] The virtually universal rule is that "a forged instrument is uttered when it is offered as genuine by words or conduct indicating that it is genuine, without regard to whether it is accepted." 2 Wharton's Criminal Law and Procedure, sec. 650, p. 441 (1957).

We are persuaded that under the existing statute the substantive offense of uttering encompasses presenting a forged instrument for payment.

Little further asserts that the guilty plea should not have been accepted because the record fails to show that he knew the precise respect in which the check was falsely made or altered. Sec. 943.38 (2) requires that the defendant know the forged object "to have been *thus* falsely made or altered." (Emphasis added.) The word "thus" in sub. (2) refers back to sub. (1), which enumerates the ways in which a check or other object could be made or altered for use to defraud: "so that it [the writing or object] purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority."

Little contends that this language requires that the defendant know not only that the writing or object has somehow been made or altered for the purpose of fraud, but also precisely in what respect it has been made or altered for that purpose. Even if Little's interpretation of the statute were to be adopted (and we do not adopt

[4] *See, e.g., Scruggs v. State,* 252 Ind. 249, 247 N.E.2d 213, 215 (1969); *People v. Brandon,* 46 Mich. App. 484, 208 N.W.2d 214, 218 (1973); *United States v. Holmes,* 453 F.2d 950 (10th Cir. 1972), *cert. denied* 406 U.S. 908 (1972); *Rader v. United States,* 288 F.2d 452 (8th Cir 1961), *cert. denied* 368 U.S. 851 (1961).

it), it is difficult to accept his assertion that he did not know the precise respect in which the check was forged. The record indicates that a man on the telephone asked Little his name and told Little that he would get one-half of the money when the check was cashed. When Little and the man met, Little's name had been inserted on the check as payee. When Little saw his name on the check as payee he certainly knew that his name had been inserted without authority of the purported payor.

*By the Court.*—Judgment and order affirmed.

COFFEY, J., took no part.