STATE of Wisconsin, Plaintiff-Respondent,

v.

Jerome M. MACHON, Defendant-Appellant.†

Court of Appeals

*No. 82–999–CR. Submitted on briefs January 30, 1983.— Decided February 23, 1983.*
(Also reported in 331 N.W.2d 665.)

---

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Schmidt, Thibodeau & Schmidt* of Wisconsin Rapids.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *E. Gordon Young,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   Defendant appeals from the judgment convicting him of two counts of uttering as genuine a forgery, contrary to sec. 943.38(2), Stats.  Because the

two checks uttered do not bear the maker's signature, defendant contends he cannot be convicted. We reject the contention and affirm the judgment.

The jury heard testimony that defendant used one check to purchase liquor and received the difference in cash. He asked a grocery clerk if the store would cash the second check but fled without receiving payment after the clerk took the check. The two checks are preprinted Kraft, Inc. payroll checks. "Kraft" and a Kraft logo prominently appear in the upper left corner, but neither check purports to bear the signature of a representative of Kraft as the maker or drawer. Each check is for $397.93, is made payable to a Daniel Vogt and purports to be endorsed in blank by Dan Vogt. Daniel Vogt is a real person, but he was not a Kraft employee and did not endorse either check. The checks were not issued by Kraft or with its permission.

Section 943.38, Stats., provides in relevant part:

(1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another . . . or by authority of one who did not give such authority, is guilty of a Class C felony:

(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights;

. . . .

(2) Whoever utters as genuine or possesses with intent to utter as false or as genuine any forged writing or object mentioned in sub. (1), knowing it to have been thus falsely made or altered, is guilty of a Class C felony.

. . . .

A forged writing is "uttered" when it is offered as genuine for payment or acceptance, regardless whether

the offer is accepted or value is received. *Little v. State,* 85 Wis. 2d 558, 564, 271 N.W.2d 105, 109 (1978).

Defendant contends that the checks he uttered were not forgeries. He relies on *Lurye v. State,* 221 Wis. 68, 73–74, 265 N.W. 221, 223–24 (1936); *Norton v. State,* 129 Wis. 659, 660, 109 N.W. 531, 531 (1906); and *John v. The State,* 23 Wis. 504, 505 (1868), to the effect that an instrument which is invalid on its face cannot qualify for the crime of forgery. He argues that because the checks were not signed on behalf of Kraft, neither is a check or a negotiable instrument and each is invalid on its face. He concludes that the checks do not constitute forgeries, and therefore he cannot be convicted of uttering a forgery.

The absence of the maker's signature is fatal to the negotiability of each check. Sec. 403.104(1)(a), Stats. The crime of uttering a forged writing, however, is not limited to forged negotiable instruments or checks. Section 943.38(2), Stats., requires only the uttering as genuine of a forged writing or object mentioned in subsec. (1), which includes a writing "whereby legal rights or obligations are created, terminated or transferred." An instrument lacking the signature of its maker is not necessarily a nullity. The maker may have inadvertently failed to sign the instrument and the maker's signature may be later obtained. *Compare Klundby v. Hogden,* 202 Wis. 438, 232 N.W. 858 (1930) (note which maker failed to sign through oversight until five years after delivery to payee nevertheless enforced against accommodation makers).

Although a nonnegotiable instrument may not be negotiated, it may be transferred by endorsement and delivery. 2 Anderson, *Uniform Commercial Code* sec. 3–201:3 at 751 (2d ed. 1971). The assignee of a nonnegotiable

instrument generally acquires no greater rights than the assignor had, *Thorp Finance Corp. v. LeMire,* 264 Wis. 220, 224, 58 N.W.2d 641, 642 (1953) ; 2 Anderson, *Uniform Commercial Code* sec. 2–210:63 at 370 (3d ed. 1982), but the assignee acquires at least those rights. The assignee also acquires rights against the assignor, based on warranties imposed by law and arising out of the assignment. *Restatement (Second) of Contracts* sec. 333 at 61–62 (1981) provides in relevant part:

(1) Unless a contrary intention is manifested, one who assigns or purports to assign a right by assignment under seal or for value warrants to the assignee

. . . .
(b) that the right, as assigned, actually exists and is subject to no limitations or defenses good against the assignor other than those stated or apparent at the time of the assignment;
(c) that any writing evidencing the right which is delivered to the assignee . . . is genuine and what it purports to be.

. . . .

Consequently, the trial court correctly instructed the jury that endorsement on a bank check is a writing by which legal rights or obligations are created or transferred. That the checks were nonnegotiable is immaterial. The absence of the maker's signature did not immunize defendant from the crime of uttering a forged writing within the meaning of sec. 943.38 (2), Stats.

*By the Court.*—Judgment affirmed.