William I. NEWLIN, Respondent,

v.

**CORDRAY FORD TRACTOR,**
**Appellant,**

**and**

**Treasurer of the State of Missouri,**
**(Custodian of the Second Injury**
**Fund), Appellant.**

**Nos. WD 43086, WD 43087.**

Missouri Court of Appeals,
Western District.

Nov. 20, 1990.

Gary E. Ravens, Marceline, for appellant Cordray.

Mark E. Kelly, Gage & Tucker, Kansas City, for appellant Treasurer.

Steven K. Wickersham, Wickersham & Merryman, P.C., Kansas City, for respondent Newlin.

Before LOWENSTEIN, FENNER and ULRICH, JJ.

ULRICH, Judge.

Cordray Ford Tractor (Cordray) and the Treasurer of the State of Missouri appeal the decision of the Labor and Industrial Relations Commission (Commission) finding that the employer, Cordray, is liable under the Workers' Compensation Law, Chapter 287, RSMo.,[1] as an unauthorized self-insurer for damages arising from an injury suffered by its employee, William I. Newlin. Additionally, the Commission found that if Cordray is financially unable to pay, the Second Injury Fund is liable for $11,444.90 in medical expenses incurred and for future medical treatment expenses. The issue presented is whether Cordray withdrew its election for coverage under the Missouri Workers' Compensation Law pursuant to § 287.090.2 before Mr. Newlin was injured. The decision of the Labor and Industrial Relations Commission is affirmed.

The parties stipulated to the pertinent facts before the Administrative Law Judge of the Division of Workers' Compensation. The employer never employed more than four employees, and thus the employer was never covered by the provisions of the Act as set forth in § 287.090.1. Cordray obtained workers' compensation insurance through Federated Mutual Insurance Com-

---

**1.** References to statutes are to RSMo 1986 un-  less otherwise stated.

pany in 1984 and this insurance policy was canceled in October of 1986. By obtaining a workers' compensation insurance policy, the employer elected to come under the coverage of the Law as provided in § 287.090.2. Mr. Newlin was advised by Cordray on October 31, 1985, that Cordray could no longer afford workers' compensation insurance and that Mr. Newlin would be working without workers' compensation coverage should he continue his employment with Cordray. At the time that Cordray's workers' compensation insurance policy was canceled, the workers' compensation insurer, Federated Mutual Insurance Company, sent the Division of Workers' Compensation notice of the policy's lapse for failure to make premium payments.

On February 26, 1987, Mr. Newlin sustained an injury in an accident arising out of and in the course of his employment with Cordray. The employer received timely notice of the injury and a claim for compensation was filed within the time prescribed by law. An amended claim was filed and received in a timely manner making the Second Injury Fund a party to this case under § 287.220.5.

The Administrative Law Judge for the Division of Workers' Compensation found that Cordray had elected to bring itself within the coverage of Missouri's Workers' Compensation Law by purchasing workers' compensation insurance. The Administrative Law Judge also found that Cordray had failed to properly withdraw from coverage under the Law as prescribed in § 287.090.2, and was therefore liable for the injuries sustained by Mr. Newlin. The Administrative Law Judge further determined that should Cordray be financially unable to meet its obligation to Mr. Newlin the Second Injury Fund would be liable for all damages. Cordray and the Second Injury Fund appealed the decision of the Administrative Law Judge to the Labor and Industrial Relations Commission. The Commission affirmed the award.

The only issue presented on this appeal is whether Cordray, having once elected to bring itself under the provisions of Missouri's Workers' Compensation Law,

properly withdrew its election as prescribed in § 287.090.2, which provides in pertinent part:

> The election shall take effect and continue ... from the effective date of the insurance policy. *Any employer electing to become liable under this chapter may withdraw his election by filing with the division a notice that he desires to withdraw his election,* which withdrawal shall take effect thirty days after the date of the filing, or at such later date as may be specified in the notice of withdrawal.

(Emphasis added.)

The first question considered is whether § 287.090.2 provides the exclusive means by which an employer may withdraw its election to bring itself under the provisions of the Workers' Compensation Law or whether the legislature intended to state one of many ways.

This question has not been addressed by the courts of this state but it has been resolved in other jurisdictions. The courts of other jurisdictions have concluded that the employer "[h]aving ... been within the Act ... could withdraw therefrom only in the manner prescribed by statute." *Sechler v. Pastore*, 103 Colo. 139, 84 P.2d 61, 62 (banc. 1938); *see also Margoles v. Saxe*, 191 Minn. 358, 254 N.W. 457 (1934) (employer may only withdraw by complying with the statutory requirements which include notice to the Commission); and *Anderson–Berney Realty Co. v. Soria*, 123 Tex. 100, 67 S.W.2d 222 (1933) (statutory requirements for withdrawal are strictly construed). The Kentucky Court of Appeals has interpreted its state's statute as follows:

> KRS 342.405 specifies the method to be used by both employers and employees desiring to withdraw from their elections to operate under the act or to reject it.... We are referred to no method and we know of none by which withdrawal or rejection may be effected by an employer without compliance with KRS 342.405 so long as it is doing business in Kentucky.

*Young v. Newsome,* 462 S.W.2d 908, 910 (1971). Finally, the Superior Court of Pennsylvania, in interpreting its state's statute, reached the conclusion that "acceptance of the Act is conclusively presumed unless the written statement to the contrary has been filed as required by the Act." *Dupree v. Barney,* 193 Pa.Super. 331, 163 A.2d 901, 905 (1960).

These interpretations from other jurisdictions are convincing. The language of § 287.090.2 provides that an employer may, having once elected to bring itself under the provisions of the Act, withdraw this election. Section 287.090.2 further provides the exclusive means by which an employer continually engaged in business, having once elected to bring itself under the provisions of the Act, effectively withdraws this election.[1]

■ Next considered is whether either Cordray's verbal notice to its employees that it was withdrawing from workers' compensation coverage or the insurance company's notice to the Division of Workers' Compensation of the policy's lapse complies with the statute to effect withdrawal. Appellants contend that the verbal notice given to the employees exceeded the requirements of the statute by providing notice to those most affected by the withdrawal and at the same time complied with § 287.090.2. While the notice given to the employees in this case is a good practice, the statutory scheme does not contemplate notice to the employees as a means to withdraw from coverage of the statute. The wisdom of not requiring notice to employees is a matter for the legislature and not for this court. The Division of Workers' Compensation is given immense responsibility in administering the state's Workers' Compensation Law and requiring notice to the Division of an employer's election to withdraw is a reasonable requirement. The verbal notice provided to Cordray's employees fails to comply with the requirements of the statute.

1. Not presented here and not considered is the issue of whether an employer effectively withdraws an election to bring itself under the coverage of the Act when the employer discontinues business for a significant period of time.

■ Appellants next contend that the written notice provided to the Division of Workers' Compensation by the employer's insurance company complies with the requirements of the statute. The insurance company only notified the Division of the lapse of the employer's current workers' compensation insurance policy. While it is fair to say that the insurance company notified the Division of the lapse of the particular insurance policy, this is not equivalent to notifying the Division of Cordray's intention to wholly withdraw its previous election to bring itself under the coverage of the Law. Given such a situation, the Division may reasonably infer that the employer intends to continue coverage under the Law and will obtain or has obtained workers' compensation insurance from another carrier. The notice given to the Division by the insurance company fails to comply with the requirements of the statute.

■ Finally, appellants contend that Cordray complied with the requirements of the statute in light of § 287.800, which provides:

All of the provisions of this chapter shall be liberally construed with a view to the public welfare, and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto.

Appellants argue that the notice given to the employees together with the insurance company's notice to the Division substantially complies with § 287.090.2 and any further requirements of the statute are technical in nature. The statute contemplates that the Division of Workers' Compensation will receive notice of an employer's intention to withdraw its election to bring itself under the coverage of the Law.

Such a situation presents considerations regarding the employer's status under the Act not at issue here. *See Hansen v. Industrial Comm'n,* 242 Wis. 293, 7 N.W.2d 881 (1943).

The notices provided to the employees and the Division in this case failed to notify the Division of such an intention. Cordray has failed to substantially comply with the requirements of the statute and its shortcomings are more than technical in nature. The decision of the Labor and Industrial Relations Commission is affirmed.

All concur.