(No. 29918.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERVIN F. CHRISTISON, Plaintiff in Error.

*Opinion filed March 19, 1947.*

ERVIN F. CHRISTISON, *pro se.*

GEORGE F. BARRETT, Attorney General, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

An indictment consisting of three counts returned in the circuit court of McLean county charged the plaintiff in error, Ervin Christison, with the crime of forgery. The first and third counts charged that plaintiff in error on November 18, 1939, did make, forge and counterfeit a certain bank check. The second count charged that the defendant on said date did utter, publish and pass as true and genuine the said bank check, knowing it to be forged and with intent to defraud. The check in question was set forth in each count of the indictment. Christison was tried before a jury, convicted and sentenced to the penitentiary. He has sued a writ of error out of this court to review the record of his conviction. The cause is submitted on the common-law record with two assignments of error, the first being that the indictment failed to charge the proper offense and is, therefore, defective, illegal and void.

The check in question is a regular bank check drawn on the Corn Belt Bank of Bloomington, dated November 18, 1939, and directs said bank to pay to Ervin F. Christison or order, the sum of $18.20, the said check being purportedly signed by Roy Clarke. The plaintiff in error contends that because the check was not endorsed and never cashed, it was imperfect and incomplete, and not a sufficient basis for a charge of forgery in the indictment.

In the absence of a bill of exceptions, questions of proof cannot be considered, but in the brief of plaintiff in error he concedes that he presented the check for payment and that he might have rightly been charged with an attempt to commit forgery. Under section 105 of division I of the Criminal Code, (Ill. Rev. Stat. 1939, chap. 38, par. 277,) any person who falsely or fraudulently makes or forges an instrument in the nature of a check with intent to defraud, or who utters the same with knowledge of its falsity and with intent to defraud, is deemed guilty of forgery.

This court has frequently pronounced the rule that "Every person who is guilty either of making and forging or uttering and passing or attempting to utter and pass, under the conditions named in the statute, is guilty of forgery." (*People* v. *Katz,* 356 Ill. 440.) "The crime of forgery is complete with the making of a false instrument, the subject of forgery, with intent to defraud, and it is immaterial whether any one was in fact defrauded." (*People* v. *Church,* 366 Ill. 149; *People* v. *D'Andrea,* 361 Ill. 526.) The indictment in this case very properly charged the offense of forgery.

The second assignment of error is that the plaintiff in error was denied faithful assistance of counsel for his defense, and, therefore, was denied due process of law. The record shows that on March 1, 1940, plaintiff was arraigned and pleaded not guilty. At the same session of court, Lester A. Ahroon, a member of the McLean county bar, was appointed by the court as counsel for the defendant. Seven days later, on March 8, 1940, his case was set for trial without any application for a continuance, and he appeared with Lester A. Ahroon, and another attorney, Harold Hulse, representing him. The record further shows that Harold Hulse made the opening statement before the jury in behalf of plaintiff in error and that both lawyers made closing arguments for him before the case went to the jury; that a motion for new trial was made in his behalf, argued and overruled. There is nothing in the record that would indicate plaintiff in error had not been faithfully and adequately represented at every stage of his trial, and the common-law record submitted by him shows that he not only received a fair trial, but that he was afforded every safeguard he was entitled to under the law.

We find that both assignments of error are without merit and the judgment of the circuit court of McLean county is affirmed.

*Judgment affirmed.*