PEOPLE *v.* DOMBROWSKI.

1. CRIMINAL LAW—EVIDENCE—OFFENSES OF OTHERS—OBJECTION.
   Admission at trial for attempted uttering and publishing of forged instrument of testimony connecting defendant and an automobile which he was driving with offenses of uttering and publishing committed by other persons may not be assigned as error on appeal, where no objection was made to admission of the testimony at trial (CL 1948, §§ 750.92, 750.249).

2. SAME—AUTOMOBILE—SEARCH AND SEIZURE—WARRANT—ADMISSIBILITY OF EVIDENCE.
   Evidence obtained by search of an automobile without a warrant, where the search is unreasonable because there is nothing in the record to show the need for search without a warrant, may be introduced into a criminal trial only where the fruits of the search consist of narcotic drugs or certain other contraband pursuant to Constitution (Const 1963, art 1, § 11).

3. SEARCHES AND SEIZURES—MOTOR VEHICLE—WITHOUT WARRANT.
   There is a need for an immediate search of a motor vehicle without a warrant where the defendant might be able to reach a concealed weapon, or destroy evidence, or drive away before a warrant could be obtained.

4. SAME—MOTOR VEHICLE—SEARCH WITHOUT WARRANT—CONCEALMENT OF KEY.
   Concealment of key to the trunk of his automobile by defendant at the time of his arrest, thus preventing an immediate search of the trunk of his car, does not justify a later police search of the car without a warrant when the defendant and his car are in police custody previous to the search and the search is not substantially contemporaneous with the arrest.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 545, 601, 602.
[2] 29 Am Jur 2d, Evidence §§ 408, 412, 413, 416; 47 Am Jur, Searches and Seizures §§ 18, 52, 54.
[3, 4] 47 Am Jur, Searches and Seizures § 18.

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 January 8, 1968, at Grand Rapids. (Docket No. 2,673.) Decided March 28, 1968.

Henry Stanley Dombrowski was convicted of attempted uttering and publishing a forged instrument. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Dominick R. Carnovale,* for defendant.

J. W. FITZGERALD, P. J.  During the day and evening of April 29, 1966, 3 people cashed or attempted to cash payroll checks drawn by the Peet Packing Company at the Big E supermarket in Wyoming, Michigan.  The first incident occurred about 2 p.m. when an unknown man (hereafter designated Mr. X) cashed a check.  Leery of Mr. X, the store manager noted the license number of a maroon 1966 Ford which Mr. X entered upon leaving the supermarket. The manager again saw the 1966 Ford when it entered and left the supermarket parking lot about 7 p.m.  At some time between 7:30 and 7:45 p.m., the defendant entered the supermarket and presented the store manager with a Peet Packing Company check.  The store manager told him that the check would be cashed if he would purchase groceries, whereupon he began to shop about the market. Becoming suspicious, the store manager summoned the police.  During this time, the store manager cashed another Peet Packing Company check for Miss Z who left in the same maroon 1966 Ford. When the defendant attempted to check out the

groceries, the store manager demanded identification; whereupon the defendant edged toward the exit. When the store manager urged an employee to seize the defendant, he fled on foot and made good his escape. The manager supplied the license number of the maroon 1966 Ford to the Wyoming police department, and the police arrested defendant, driving that same car, at a motel near Wyoming.

The store manager identified defendant at a police lineup on April 30. Following a jury trial in the Kent county circuit court, defendant was convicted of attempting to utter and publish[1] and was sentenced to a term of 4 to 5 years in a State prison. His motion for new trial was denied by the trial court and he appeals from that denial to this Court.

The manager of the Big E supermarket testified to the facts set forth above without objection from defense counsel. Defendant now claims that the trial court erred in admitting the testimony of the manager concerning the relation of defendant and the maroon 1966 Ford to the alleged offenses of Mr. X and Miss Z, because these offenses were not charged against defendant in the information. The lack of a contemporaneous objection to admission of these facts now precludes assignment of error thereon. See 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 608, p 787. See, also, *People* v. *Jury* (1966), 3 Mich App 427; *People* v. *Bradley* (1966), 4 Mich App 660; *People* v. *Wilson* (1967), 8 Mich App 651.

Defendant was arrested, as noted above, at a motel on April 29 while driving the maroon 1966

---

[1] Attempt: CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287); uttering and publishing: CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446). Although defendant was charged with attempt to commit the crime of uttering and publishing, the facts alleged in the information, if proven, constitute the crime of uttering and publishing itself. It is not necessary that a forged instrument be accepted as genuine by the party to whom it is offered. See *People* v. *Brigham* (1853), 2 Mich 550; *People* v. *Caton* (1872), 25 Mich 388.

Ford. He was immediately searched, and the Ford was searched except for the trunk, which was locked. Upon his incarceration in the Kent county jail, defendant was searched once again and a key was found concealed in his sweater sleeve. The key was taken to the Ford, still parked at the motel, where the trunk was opened revealing 12 bags of groceries, some bearing the identification of the Big E supermarkets. No search warrant was obtained prior to the use of the key. Defendant alleges that prejudicial error occurred upon the admission into evidence of the grocery bags at his trial, when the trial court denied his motion to suppress, first made at the trial, because the search and seizure without a warrant was made subsequent to his arrest, and he did not know of the existence of this evidence until the trial had begun.

This Court has recently held, under similar facts, that evidence from such a search was admissible when marijuana was found in the trunk of defendant's vehicle. *People* v. *Monroe* (1966), 3 Mich App 165. However, the provision of Const 1908, art 2, § 10, as amended (readopted as Const 1963, art 1, § 11) permits evidence from such warrantless searches to be introduced only where the fruits of the search consist of narcotic drugs or certain other contraband. This Court, in the *Monroe Case, supra* at p 168, stated:

"It is observed, however, that if the question of reasonableness of the search of the Buick had to be decided, we would hold the search unreasonable because there is nothing in the record to *show the need* for search without a warrant. The car and its occupants were both in custody at the time the search was made." (Emphasis supplied.)

The "need" for an immediate search of a vehicle is defined in the case of *Preston* v. *United States*

(1964), 376 US 364 (84 S Ct 881, 11 L Ed 2d 777), to be those situations where the defendant might be able to reach a concealed weapon, or destroy evidence, or drive away before a warrant could be obtained. Such is not the case, as here and as in the *Monroe* and *Preston Cases*, where the defendant and the vehicle were already in police custody. We are urged to distinguish the present seizure from the "remoteness" objection found in these cases (*i.e.*, the search took place at a time too remote from the arrest to be incident thereto, so as to require a "need" for a search without a warrant), because the defendant attempted to hide the key at the time of his arrest, thus preventing an immediate search of the trunk. Our decision does not condone his lying and his attempt to conceal the key. The police should have obtained a warrant upon their subsequent discovery of the key, since we require the procurement of a search warrant whenever the evidence obtained is not listed among those articles admissible without a warrant, and whenever the defendant and his vehicle are in police custody previous to the search and the search is not substantially contemporaneous with the arrest.

The fact that defendant harassed the police officers to some extent by concealing a key beyond the time incident to his arrest does not obviate the necessity that a warrant be obtained. The defendant was in custody at the time the key was seized from his person, and the time necessary to obtain the warrant was not unreasonable or restrictive to the effectiveness of police investigatory procedures.

Without further considering the issue of the materiality of the grocery bags as evidence of attempting to utter and publish, we note that recent cases admitting the fruits of a search of an automobile without a warrant involve narcotic drugs, which is

evidence material to the offense with which those defendants were charged, *i.e.*, the possession of that same evidence. See *People* v. *Harper* (1962), 365 Mich 494.[2]

Reversed.

BURNS and NEAL FITZGERALD, JJ., concurred.

[2] Also, see *Cooper* v. *California* (1967), 386 US 58 (87 S Ct 788, 17 L Ed 2d 730). The United States Supreme Court in a 5–4 decision held it reasonable for police to search defendant's car a week after his arrest since the defendant was arrested for a narcotic drug violation and evidence showed that the car had been used for his narcotic drug possession. In *Preston* v. *United States, supra,* the United States Supreme Court held that since Preston was arrested for vagrancy, the search of the car thought to be stolen was not relative, and that since no claim was made that the police had authority to hold the car, the search was unreasonable under US Const, Am 4. The fact of police custody of the car was unrelated to the charge against Preston for which the evidence was sought to be admitted. In the *Cooper Case*, a California state statute permitted the police to impound vehicles and hold them as evidence pending a forfeiture or release in narcotic drug violations. The situation is quite different in the present case before this Court.