## PEOPLE *v.* BIRMINGHAM.

1. CRIMINAL LAW—HABITUAL OFFENDER—PROSECUTING ATTORNEY—DISCRETION.

   Any time after conviction and before or after sentence if the person convicted of a felony has previously been convicted of other crimes the prosecuting attorney may in his discretion file a separate or supplemental information in the cause accusing the person of the previous convictions (CLS 1961, § 769.13).

2. SAME—PROSECUTING ATTORNEY—DISCRETION.

   A prosecuting attorney, by the very nature of his duties, is vested with official discretion as to the institution of criminal prosecutions and as to the cases he will prosecute but the discretion must be exercised in good faith according to his own judgment and conscience.

3. SAME—PROSECUTING ATTORNEY—DISCRETION—DISCRIMINATION.

   A prosecuting attorney is required to exercise proper discretion in his duties and this precludes his acting by reason of caprice or in such a manner as to result in invidious discrimination against persons or groups.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 526.
   39 Am Jur 2d, Habitual Criminal and Subsequent Offenders § 30.
[2, 3] 42 Am Jur, Prosecuting Attorneys §§ 19, 20.
[4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.
[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.
   42 Am Jur, Prosecuting Attorneys § 19.

4. SAME—HABITUAL CRIMINAL ACT—CONSTITUTIONALITY.

Habitual criminal act under which some defendants with prior
convictions may be prosecuted and some may not, *held*, con-
stitutional; the statute applies equally and impartially to all
persons who are charged under it and the fact that indictments
or informations do not always charge a violation of the habit-
ual criminal statute where the accused has had prior felony
convictions does not affect the validity of the statute (CLS
1961, §§ 769.12, 769.13).

5. SAME—HABITUAL CRIMINAL ACT—PROSECUTING ATTORNEY.

Discretion given prosecuting attorney, a *quasi*-judicial officer,
under Michigan habitual criminal act *held*, constitutional under
United States and Michigan constitutions (US Const, Am 14;
Const 1963, art 1, § 2).

Appeal from Recorder's Court of Detroit, Scallen
(John P.), J. Submitted Division 1 April 8, 1968,
at Detroit. (Docket No. 2,108.) Decided Septem-
ber 25, 1968.

Willie J. Birmingham was convicted of assault
with intent to do great bodily harm less than mur-
der and on a supplemental information under the
habitual criminal act of having been convicted of
three other felonies. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Thomas P. Smith,* Assistant
Prosecuting Attorney, for the people.

*Harris, Stein & Hooberman,* for defendant.

HOLBROOK, P. J.   On May 25, 1965, the defendant
was charged in an information with assault with
intent to murder[1] in Recorder's Court for the city

---

[1] CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278).

of Detroit. On November 4, 1965, a jury found him guilty of assault with intent to do great bodily harm less than the crime of murder,[2] before Hon. John P. Scallen who sentenced him to 9 to 10 years in prison.

In the same case in a supplemental information, defendant was charged under the habitual criminal act[3] of having been convicted of 3 other felonies prior to the last conviction. On March 16, 1966, in a jury trial, defendant was convicted under the supplemental information and sentenced to life imprisonment. Defendant in his appeal questions the constitutionality of the habitual criminal act, particularly that portion (§ 769.13) that reads as follows:

"If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, *in his discretion,* may file a separate or supplemental information in such cause accusing the said person of such previous convictions." (Emphasis supplied.)

Defendant asserts that his conviction and sentence to life imprisonment under the act denied him the equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution. The reason he gives is that the filing of the information under the habitual criminal act by the prosecuting attorney is discretionary.

The act before the amendment made by PA 1949, No 56 read in part as follows:

---

[2] CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279).
[3] CLS 1961, §§ 769.12, 769.13 (Stat Ann 1954 Rev §§ 28.1084, 28.1085).

*"It shall be the duty of the prosecuting attorney*
of the county in which such conviction was had to
file a separate or supplemental information in such
cause accusing the said person of such previous con-
victions."   (Emphasis supplied.)

The former act was held to be constitutional in
*People* v. *Palm* (1929), 245 Mich 396, 401 and *Peo-
ple* v. *Gunsell* (1951), 331 Mich 105, 111, 112.   The
*Gunsell* case was decided after the amendment was
operative.   While these cases dealt with a different
constitutional question (*i.e., ex post facto* legisla-
tion) from the question in the instant case, they
are indicative of the constitutionality of the habitual
criminal act as previously challenged.   Defendant
asserts that the habitual criminal act permits the
prosecuting attorney, through the exercise of his
discretion, to practice invidious discrimination
among persons or groups.   A similar argument was
raised concerning the discretionary powers of a
prosecuting attorney in selecting the crime for which
a defendant was to be charged and prosecuted, in
*People* v. *Mire* (1912), 173 Mich 357.   Therein Mr.
Justice STEERE stated in part on pp 363, 364, as
follows:

"The claim that this act is unconstitutional be-
cause it places a greater burden on one than upon
another, does not give equal protection to all, and
inflicts on one greater penalty than on another, is
based upon the fact that there are several kindred
acts in this State, prescribing a less severe punish-
ment, which include, to a greater or less extent,
elements of the offense created by the act under
which respondent was convicted.   As a consequence,
it is said the legislature has so arranged these laws
that the prosecuting attorney may at will choose the
one under which he will proceed, and thus decide the
penalty to be inflicted upon the accused, usurping in
effect the power of the court to exercise its discre-

tion in pronouncing sentence. The prosecuting attorney has been declared by this Court to be a *quasi-*judicial officer, and is vested with certain discretionary powers in the administration of the criminal law. As was pointed out in *People* v. *Morris* (1890), 80 Mich 634, the laws of this State, as well as of other States, present numerous cases of similar statutes covering allied offenses and degrees of offense, like the different forms of assault and of larceny, in which the nature of the case might render it possible for the prosecutor to bring any one of several different charges against the accused. So long as these laws are not repugnant, they are not invalid because the accused could have violated more than one of them at the same time in a certain transaction."

The duties of a prosecuting attorney are set forth commencing at CL 1948, § 49.153 (Stat Ann 1961 Rev § 5.751) which reads in part as follows:

"The prosecuting attorneys shall, in their respective counties, appear for the state or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions whether civil or criminal, in which the state or county may be a party or interested."

A prosecuting attorney by the very nature of his duties is required to exercise discretion. 27 CJS, District and Prosecuting Attorneys, § 10, p 649 states:

"A prosecuting attorney is ordinarily vested with official discretion as to the institution of criminal prosecutions and as to the cases he will prosecute, and under the law in some jurisdictions he is charged with more important duties than formerly devolved on the prosecuting attorney and is vested with wide discretion relative to institution of both criminal and civil proceedings. Such discretion must, however, be exercised in good faith according

to the dictates of his own judgment and conscience uncontrolled by the judgment or conscience of any other person, and in accordance with established principles of law, fairly, wisely, and with skill and reason, and he must at all times act in good faith and exercise all reasonable and lawful diligence in every phase of his work."

We find that under the general rule just stated and under the laws of our State, a prosecuting attorney is required to exercise proper discretion in his duties, and this precludes his acting by reason of caprice or in such a manner as to result in invidious discrimination against persons or groups.

The defendant cites the cases of *Griffin* v. *Illinois* (1956), 351 US 12 (76 S Ct 585, 100 L Ed 891, 55 ALR2d 1055); *Cox* v. *Louisiana* (1965), 379 US 536 (85 S Ct 453, 13 L Ed 2d 471); and *McLaughlin* v. *Florida* (1964), 379 US 184 (85 S Ct 283, 13 L Ed 2d 222) as authority for the position that the constitutional guarantee of due process and equal protection requires procedures in criminal trials which allow no invidious discrimination. We agree with these cases but fail to find them applicable to the case at hand.

There have been several cases more directly in point from other jurisdictions that indicate to the Court the constitutionality of the habitual criminal act. In *People* v. *Johnson* (1952), 412 Ill 109, 114 (105 NE2d 766, 768), it is stated:

"Defendant lastly contends that the act violates constitutional requirements of due process and equal protection of the law by leaving it within the discretion of the State's attorney whether to allege the prior convictions in the indictments. He refers to several purported instances of second or third offenders who were not sentenced under the habitual criminal act, and argues that the act illegally delegates to a public official the power to decide which

of the repeating offenders shall be subject to the heavier punishment under the act. We considered a similar contention in *People* v. *Hanke* (1945), 389 Ill 602 (60 NE2d 395), and found it to be clearly without merit. It need not be further discussed here."

In *Sanders* v. *Waters* (CA 10, 1952), 199 F2d 317, 318, it is stated:

"Further contention is made that the statute violates the equal protection clause of the Fourteenth Amendment to the Constitution because some defendants with prior convictions are prosecuted under the statute and some are not. The contention is without merit. The statute applies equally and impartially to all persons who are charged under it. The fact that indictments or informations do not always charge a violation of the habitual criminal statute where the accused has had prior felony convictions, does not affect the validity of the statute. *Saunders* v. *Lowry* (CA 5, 1932), 58 F2d 158."

In 116 ALR 209, annotation Constitutionality and construction of statute enhancing penalty for second or subsequent offense, p 214, it is stated in part as follows:

"The contention that the Kansas statute permitted arbitrary and unreasonable discriminations in its enforcement was also overruled in *Levell* v. *Simpson* (1935), 142 Kan 892 (52 P2d 372) (appeal dismissed for want of a substantial Federal question in [1936], 297 US 695 [56 S Ct 503, 80 L Ed 986]), rehearing denied in (1936), 297 US 728 (56 S Ct 592, 80 L Ed 1011), and also in *Glover* v. *Simpson* (1936), 144 Kan 153 (58 P2d 73) (appeal dismissed in [1936] 299 US 506 [57 S Ct 34, 81 L Ed 375])."

In 58 ALR 20, annotation Constitutionality and construction of statute enhancing penalty for second or subsequent offense, it is stated (p 29) as follows:

"Only one case has been found in which a statute of the character considered herein was attacked as a delegation of legislative power to the prosecutor, and in that case the statute was held to be valid. In *People* v. *Mock Don Yuen* (1924), 67 Cal App 597 (227 P 948), it appeared that the section of the act under consideration, or under which the defendant was prosecuted, provided that, upon the first conviction of the offense of unlawful possession of forbidden narcotic drugs, the defendant should be deemed guilty of a misdemeanor, and that, 'for the second and each subsequent offense of which said person so convicted shall be found guilty, said person shall be deemed guilty of a felony.' The contention was that, since the second offense could not be punished as a felony unless the prior conviction was alleged in the indictment or information, then the prosecutor would have it arbitrarily within his discretion to punish the prisoner for a felony or misdemeanor by merely inserting or leaving out the fact of a prior conviction; and that therefore the statute was unconstitutional. The court held that such contention was so patently untenable as to merit no further discussion."

In *Rockower* v. *Sullivan* (NY Sup Ct, 1944), (50 NYS2d 858), in the first headnote it states as follows:

"Where defendant has been convicted under indictment charging two prior offenses, statutes authorizing district attorney to file an information charging an additional prior offense, and thereby to seek to have defendant sentenced as a fourth offender rather than as a third offender, are not arbitrary or unreasonable, or violative of due process as giving district attorney power to arbitrarily exercise discretion, or a denial of equal protection of the law as discriminating against defendant. Penal Law, §§ 1941–1943; NY Const, art 1, § 6; USCA Const Amends 5, 14."

We conclude that the discretion granted the prosecuting attorney, a *quasi*-judicial officer, under the Michigan habitual criminal act is not unconstitutional under the Fourteenth Amendment to the United States Constitution or the Michigan Constitution, 1963, art 1, § 2.

Affirmed.

LEVIN and PRATT, JJ., concurred.