## PEOPLE *v.* KINSMAN

1. CRIMINAL LAW—PROSECUTION—DEFINITION.

   A prosecution is generally understood to be a criminal action, a proceeding instituted and carried on by due course of law before a competent tribunal for the purpose of determining the guilt or innocence of the person charged with some crime or offense.

2. CRIMINAL LAW—PROSECUTION—PRELIMINARY EXAMINATION.

   A preliminary examination is not a "criminal prosecution" as that term is generally understood (US Const, Am 6; Const 1963, art 1, § 20).

3. CONSTITUTIONAL LAW—CONFRONTATION.

   The constitutional right of confrontation of witnesses obtains only in criminal prosecutions; hence it is not violated by failure to produce one of the witnesses against a defendant at a preliminary examination (US Const, Am 6; Const 1963, art 1, § 20).

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE—SUFFICIENCY—DISCRETION.

   Sufficiency of evidence required at preliminary examination to bind defendant over for trial rests in the discretion of the examining magistrate and, unless that discretion is abused, the magistrate's decision will not be disturbed.

5. APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT.

   Failure by defendant to object, although afforded opportunity, to charges given the jury precludes assertion of error on appeal (GCR 1963, 516.2).

REFERENCES FOR POINTS IN HEADNOTES

[1]  53 Am Jur, Trial § 2.
[2]  21 Am Jur 2d, Criminal Law § 443.
[3]  21 Am Jur 2d, Criminal Law §§ 333, 336, 337.
[4]  21 Am Jur 2d, Criminal Law §§ 449, 450.
[5]  5 Am Jur 2d, Appeal and Error § 545.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 March 5, 1969, as Grand Rapids. (Docket No. 3,649.) Decided March 27, 1969. Leave to appeal granted January 21, 1970. See 383 Mich 759.

Fred Kinsman was convicted of attempted uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Sherwin Venema* and *W. J. Nykamp,* Assistant Prosecuting Attorneys, for the people.

*George W. Crockett, III,* and *Richard James Coon,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant, convicted by jury and sentenced for attempted[1] uttering and publishing a forged check,[2] appeals.

Defendant attempted to cash a forged check purportedly drawn by Peet Packing Company. The cashier to whom the check was presented had been alerted to watch for such a check. The cashier notified her superior and defendant was apprehended. The cashier was not produced at the preliminary examination.

The latter fact creates 2 of the issues raised on appeal. Defendant says this violated his constitutional right of confrontation. US Const, Am 6; Const 1963, art 1, § 20. The former commences "In all criminal prosecutions * * *"; the latter

[1] CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287).
[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

commences "In every criminal prosecution * * *". This language precludes the violation here asserted.

"A prosecution is generally understood to be a criminal action; a proceeding instituted and carried on by due course of law before a competent tribunal for the purpose of determining the guilt or innocence of the person charged with some crime or offense." *People* v. *Ellis* (1918), 204 Mich 157, at 161.

Defendant contends that without the testimony of the cashier there was insufficient evidence at the preliminary examination to prove the *corpus delicti* and that the binding over was improper. The test is whether the record is so insufficient that it was an abuse of discretion by the magistrate to bind defendant over. *People* v. *Hirschfield* (1935), 271 Mich 20. We are unable to find abuse of discretion.

The other errors asserted relate to instructions. Although afforded the opportunity, defendant did not object to the charge as given on the grounds presently asserted. We do not consider such errors. GCR 1963, 516.2; *People* v. *Mallory* (1966), 2 Mich App 359.

Affirmed.