PEOPLE *v* McCORMICK

CRIMINAL LAW—PROSECUTOR'S DISCRETION—OFFENSE TO BE CHARGED.
A prosecuting attorney, by the very nature of his duties, is required to exercise discretion in deciding which of several allied offenses should be brought against a defendant.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 5, 1972, at Lansing. (Docket No. 12017.) Decided March 29, 1972. Leave to appeal denied, 388 Mich 782.

Charles A. McCormick was convicted, on his plea of guilty, of uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *James R. Neuhard,* Assistant Defender, for defendant.

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

PER CURIAM. Defendant Charles McCormick was convicted upon a plea of guilty to uttering and

REFERENCE FOR POINTS IN HEADNOTE
42 Am Jur, Prosecuting Attorneys § 19.

publishing a forged check, MCLA 750.249; MSA 28.446. He appeals as of right.

Defendant contends that the trial court failed to comply with MCLA 768.35; MSA 28.1058; GCR 1963, 785.3(2), in that it failed to advise him of the nature of the charge against him prior to accepting his plea of guilty. The record does not support the defendant's contention.

Defendant next contends that the prosecutorial discretion in choosing which acts shall result in a charge of uttering and publishing and which shall result in a charge of attempted uttering and publishing violates the 14th Amendment Equal Protection Clause.

In *People v Birmingham*, 13 Mich App 402, 405–406 (1968), this Court relied on *People v Mire*, 173 Mich 357 (1912), in upholding the use of similar prosecutorial discretion:

"A similar argument was raised concerning the discretionary powers of a prosecuting attorney in selecting the crime for which a defendant was to be charged and prosecuted, in *People v. Mire* (1912), 173 Mich 357. Therein, Mr. Justice STEERE stated in part on pp 363–364, as follows:

" 'The claim that this act is unconstitutional because it places a greater burden on one than upon another, does not give equal protection to all, and inflicts on one greater penalty than on another, is based upon the fact that there are several kindred acts in this State, prescribing a less severe punishment, which include, to a greater or less extent, elements of the offense created by the act under which respondent was convicted. As a consequence, it is said the Legislature has so arranged these laws that the prosecuting attorney may at will choose the one under which he will proceed, and thus decide the penalty to be inflicted upon the accused, usurping in effect the power of the court to exercise its discre-

tion in pronouncing sentence. The prosecuting attorney has been declared by this Court to be a *quasi*-judicial officer, and is vested with certain discretionary powers in the administration of the criminal law. As was pointed out in *People* v. *Morris* (1890), 80 Mich 634, the laws of this State, as well as of other States, present numerous cases of similar statutes covering allied offenses and degrees of offense, like the different forms of assault and of larceny, in which the nature of the case might render it possible for the prosecutor to bring any one of several different charges against the accused. So long as these laws are not repugnant, they are not invalid because the accused could have violated more than one of them at the same time in a certain transaction.'

\*　　\*　　\*

"A prosecuting attorney by the very nature of his duties is required to exercise discretion."

The prosecutorial discretion in charging defendant with uttering and publishing a forged check rather than attempted uttering and publishing was not in violation of the 14th Amendment Equal Protection Clause.

Defendant's other claim is devoid of merit and does not merit discussion.

Affirmed.