PEOPLE v BRANDON

1. FORGERY—STATUTES—UTTERING AND PUBLISHING—CLASSIFICATION
   —EQUAL PROTECTION.

   The crime of uttering and publishing a forged check is different
   and distinct from the crime of uttering and publishing a forged
   bank bill or note and the differing statutory sentences for the
   two offenses do not violate the equal protection clauses of the
   State and Federal Constitutions (MCLA 750.249, 750.253)..

2. FORGERY—STATUTES—UTTERING AND PUBLISHING—PROSECUTION—
   ELECTION.

   A forged instrument cannot be both a bank bill or note and a
   check, and therefore the statutes punishing their uttering and
   publishing by different sentences do not permit the prosecutor
   to elect arbitrarily which crime he will charge (MCLA 750.249,
   750.253).

3. FORGERY—STATUTES—UTTERING AND PUBLISHING—PROSECUTION—
   DISCRETION.

   The entire statutory scheme providing for a number of distin-
   guishable offenses for forgery and uttering and publishing
   various classes of specific documents creates no constitutional
   violation; the distinction is founded upon a rational basis and
   the prosecutor, who is the chief law enforcement officer of the
   county, is required by the nature of his duties to exercise his
   discretion to determine the appropriate charge upon the facts
   presented (MCLA 750.248 *et seq.*).

4. CRIMINAL LAW—SENTENCE.

   The Court of Appeals has consistently refused to invalidate a
   sentence which is within the statutory limits.

5. FORGERY—STATUTES—UTTERING AND PUBLISHING—ATTEMPT.

   The offense of attempted uttering and publishing does not exist as
   an independent offense, and the Michigan attempt statute does
   not apply to the crime of uttering and publishing since the

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5–10] 36 Am Jur 2d, Forgery § 20.

[4] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

attempt statute applies only when no express provision is made by law for an attempt (MCLA 750.92, 750.249).

6. FORGERY—UTTERING AND PUBLISHING—ELEMENTS OF CRIME.

The act of presenting a forged instrument for payment creates the commission of the crime and it is not necessary that an innocent recipient of a forged document make payment to complete the crime (MCLA 750.249).

7. FORGERY—UTTERING AND PUBLISHING—ELEMENTS OF CRIME.

The crime of uttering and publishing is established by proof that (1) the accused knew that the instrument was false, (2) the accused had an intent to defraud, and (3) the forged instrument was presented for payment (MCLA 750.249).

8. FORGERY—UTTERING AND PUBLISHING—ATTEMPT.

The argument that the statute covering the offense of uttering and publishing encompasses two separate offenses, the attempt and the substantive offense, which create different risks or disruptions to commerce and should receive different punishments is more properly directed to the Legislature in which the power to define and proscribe criminal activity is posited (MCLA 750.249).

9. FORGERY—UTTERING AND PUBLISHING—ATTEMPT.

The substantive offense of uttering and publishing a forged instrument necessarily includes its inchoate counterpart of attempted uttering and publishing (MCLA 750.249).

10. FORGERY—UTTERING AND PUBLISHING—ATTEMPT—PROSECUTION.

The crime of attempted uttering and publishing which may be charged by the prosecutor in his discretion does not exist; prosecutors must refrain from agreeing to the acceptance of guilty pleas to this nonexistent inchoate offense which could not be charged in the first instance (MCLA 750.92, 750.249).

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 January 8, 1973, at Lansing. (Docket No. 13462.) Decided April 24, 1973.

Samuel Brandon was convicted of uttering and publishing a forged instrument. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Joel B. Saxe,* Assistant Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: Bronson, P. J., and McGregor and Danhof, JJ.

Bronson, P. J. Defendant was convicted by jury verdict of uttering and publishing a forged instrument and sentenced to serve a prison term of 4 to 14 years. MCLA 750.249; MSA 28.446. From this conviction defendant appeals as a matter of right.

The facts are not in dispute. The evidence produced at trial indicated that defendant altered a check drawn by Michigan Blue Shield and payable to one F. Dulaney. After forging the endorsement of F. Dulaney, defendant attempted to cash this check at Tom's Market in Genesee Township on June 14, 1971. The store manager became suspicious and defendant aborted his plan to cash the check, receiving no money as a result of these events. At the conclusion of trial the jury rendered a general verdict of guilty. Defendant challenges this conviction, raising seven allegations of error, one based upon the trial judge's jury instructions and interpretation of the jury verdict, and the remaining based upon alleged constitutional violations. Since many of the constitutional challenges contain reverberations of the same due process and equal protection claims, the issues raised have been consolidated for disposition as follows.

I. *Do the different sentences provided for in the similar offenses set forth in MCLA 750.249; MSA 28.446 and MCLA 750.253; MSA 28.450 violate the Equal Protection Clauses of the State and Federal Constitutions?*

Defendant's first allegation of error is predicated upon an alleged violation of the equal protection clauses of the Federal (Am XIV, § 1) and State (art 1, § 2) Constitutions. This alleged violation is said to flow from the fact that the same or similar conduct may be punished by a 14-year maximum sentence if prosecuted as uttering and publishing a forged instrument[1] or a 5-year maximum sentence or fine not to exceed $2,500 if prosecuted as uttering counterfeit notes.[2]

The alleged disparity between the punishment provided by these two statutes was recently considered by this Court in *People v Brooks,* 43 Mich App 715 (1972). The Brooks panel, reversing defendant's conviction on other grounds, answered the same equal protection claims raised herein. The *Brooks* panel held that a rational distinction between the two offenses justified the Legislature's provision for different punishments, stating:

---

[1] MCLA 750.249; MSA 28.446 provides:

"Sec. 249. Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years."

[2] MCLA 750.253; MSA 28.450 provides:

"Sec. 253. Any person who shall utter or pass, or tender in payment as true, any such false, altered, forged or counterfeit note, certificate or bill of credit for any debt of this state, or any of its political subdivisions or municipalities, any bank bill or promissory note, payable to the bearer thereof, or to the order of any person, issued as aforesaid, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment of not more than 5 years or by fine of not more than 2,500 dollars."

" 'Bank bills and notes' denote currency issued under legal restriction, while a 'check' is not currency, although it may pass readily from hand to hand. *Dike v Drexel,* 11 App Div 77, 42 NYS 979 (1896); *People v Bedilion,* 206 Cal App 2d 262, 24 Cal Rptr 19 (1962). It is thus readily apparent that the crime of uttering and publishing a bank bill or note pursuant to MCLA 750.253, *supra,* is based upon material differences and substantial distinctions with regard to the subject matter from the crime of uttering and publishing a check pursuant to MCLA 750.249, *supra.*

"Since there is a rational distinction between the subject matter of the two offenses, it cannot be said the differing sentences violate the equal protection clauses of the State and Federal Constitutions." p 721.

Our adoption of this decision adequately disposes of defendant's first allegation of error.

II. *Does the Michigan statutory scheme which grants a prosecutor discretion in charging an accused who has uttered a bad check with either MCLA 750.249; MSA 28.446 providing for a 14-year maximum sentence or MCLA 750.253; MSA 28.450 providing for a 5-year maximum sentence or fine violate due process and equal protection of the laws?*

Defendant's second allegation of error that the cited statutes violate both due process and equal protection of the laws by affording the prosecutor a choice in charging a defendant with either of these offenses providing for different punishments is likewise answered by the *Brooks* decision. We are in accord with the statement by the *Brooks* panel that:

"Neither can it be said that the statutes allow the prosecutor to arbitrarily elect between the two crimes, since any forged document must fall into one or the other of the two classes, but not both." p 721.

The entire statutory scheme[3] providing for a number of distinguishable offenses for forgery and uttering and publishing various classes of specific documents similarly yields no constitutional violation. The prosecutor is required by the nature of his duties to exercise his discretion to determine the appropriate charge upon the facts presented. It is the prosecuting attorney—the chief law enforcement officer of the county—who exercises that judgment. *People v Birmingham,* 13 Mich App 402 (1968), following *People v Mire,* 173 Mich 357, 363–364 (1912). Since the distinction between the two challenged offenses is founded upon a rational basis, the prosecutor's charge did not deny defendant his constitutional protections.

III. *Does the 14-year maximum penalty prescribed in MCLA 750.249; MSA 28.446 as applied to defendant constitute cruel and unusual punishment?*

Defendant's next argument that the 14-year maximum penalty provided for in MCLA 750.249; MSA 28.446 as it applies to him constitutes cruel and unusual punishment is unmeritorious. In view of our disposition of issue IV, we need not compare defendant's sentence with those similarly situated but merely determine whether his individual sentence constituted cruel and unusual punishment.

This Court has consistently refused to invalidate a sentence which is within the statutory limits. *People v Girard,* 18 Mich App 593 (1969); *People v Welch,* 25 Mich App 694 (1970). Since defendant's sentence of 4 to 14 years fell within the statutory maximum of 14 years, it must be sustained. Defendant's premature reliance upon the proposed

---

[3] MCLA 750.248 *et seq.;* MSA 28.445 *et seq.*

Michigan Revised Criminal Code of 1967 (HR 4004, 1972) is misplaced. Since the Legislature has failed to adopt this code, the claim that the present penalty is not an appropriate standard for our "maturing society" cannot be accepted. We find the converse to be true until told otherwise by the Legislature.

IV. *Does the failure to apply the attempt statute to the offense of uttering and publishing and the judicial interpretation of the offense of uttering and publishing to encompass an attempt constitute a denial of equal protection as guaranteed by the State and Federal Constitutions?*

The primary foundation upon which many of defendant's claims reverberate is that the attempt statute[4] applies to the offense of uttering and publishing creating the offense of attempted uttering and publishing which should govern the instant case. Defendant first relies upon *People v Dombrowski,* 10 Mich App 445 (1968), and *People v Kinsman,* 16 Mich App 611 (1969), to establish the existence of two classes of defendants: (1) one class of persons convicted by jury verdict for attempted uttering and publishing and (2) another class of persons convicted for the substantive offense of uttering and publishing. Since the maximum penalty for this inchoate crime is 5 years and the maximum penalty for the substantive offense is 14 years, defendant claims that his failure to receive the benefit of the inchoate statute and sentence constitutes a violation of the equal protection clauses of the State and Federal Constitutions.

---

[4] MCLA 750.92; MSA 28.287.

The disparity between the sentences of the two artificial classes proffered by defendant does not reach constitutional proportions. Defendant is not entitled to the charge or sentence of attempted uttering and publishing since we conclude that this hybrid offense does not exist as an independent legitimate offense. We refuse to create two unequal categories of punishment for what must be considered exactly the same offense.

The Michigan attempt statute in pertinent part provides:

"Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, *when no express provision is made by law for the punishment of such attempt,* shall be punished as follows:

* * *

"2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year;" MCLA 750.92; MSA 28.287. (Emphasis added.)

Contrary to defendant's contention, the substantive offense rather than this attempt statute controls prosecutions represented by the instant case. This statute applies only when "no express provision is made by law" for an attempt. We find that this provision is satisfied by looking to the substantive offense and judicial interpretation thereof.

The law of this jurisdiction provides that the crime of uttering and publishing is established by proof that (1) the accused knew that the instru-

ment was false, (2) the accused had an intent to defraud, and (3) the forged instrument was *presented* for payment. *People v Brigham*, 2 Mich 550 (1853); *People v Dombrowski, supra; People v Hester*, 24 Mich App 475 (1970).[5] It is the act of presenting a forged instrument for payment which creates the commission of a crime proscribed by the statute.[6] Accordingly, it is not necessary that an innocent recipient of a forged document make payment to complete the crime. It may be argued that the statute encompasses two separate offenses, the attempt and the substantive offense, which create different risks or disruptions to commerce and should receive different punishments. This argument is more properly directed to the Legislature in which the power to define and proscribe criminal activity is posited. This case law properly interpreting the language of the uttering and publishing statute indicates that the substantive offense encompasses the inchoate crime and precludes the application of the attempt statute.[7]

We, therefore, hold that the substantive offense of uttering and publishing necessarily includes its inchoate counterpart of attempted uttering and

---

[5] *See,* also, *People v Caton,* 25 Mich 388 (1872) and *Perkins v People,* 27 Mich 386 (1873).

[6] A forged instrument is uttered when it is offered as genuine accompanied by words or conduct indicating that it is genuine without regard to whether or not it is accepted. See cases collected at 2 Wharton's Criminal Law and Procedure, § 650, p 441. *See,* also, LaFave and Scott, Criminal Law, ch 8, § 92, p 680.

[7] An analogous conflict is created by the application of the attempt statute to offenses predicated upon an assault. *See People v Patskan,* 29 Mich App 354 (1971), *rev'd on other grounds,* 387 Mich 701 (1972) (where this Court held that an assault is defined as an attempt or offer and necessarily precludes the application of the attempt statute). *Accord, People v Patskan,* 387 Mich 701, 716 (1972) (concurring opinion by Justice T. G. KAVANAGH). *Cf. People v Norris,* 40 Mich App 45, 49 (1972) (concurring opinion by Judge O'HARA concluding that there is no such offense as an attempt to possess a blackjack).

publishing. This holding is not affected by the *Dombrowski* and *Kinsman* decisions since the convictions for attempted uttering and publishing recognized therein are of minimal significance. The specific issue regarding the applicability of the attempt statute was neither raised nor considered by the Court in *Kinsman.* The opinion in *Dombrowski* affords defendant little solace since it recognized the impropriety of the charge in a footnote, stating:

"Attempt: CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287); uttering and publishing: CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446). Although defendant was charged with attempt to commit the crime of uttering and publishing, the facts alleged in the information, if proven, constitute the crime of uttering and publishing itself. It is not necessary that a forged instrument be accepted as genuine by the party to whom it is offered. See *People v Brigham* (1853), 2 Mich 550; *People v Caton* (1872), 25 Mich 388." p 447.

We refuse to perpetuate the prosecutorial error of such charges[8] by extending it to defendant. Defendant has not been denied equal protection of the laws since all persons charged with the legitimate offense of uttering and publishing are similarly treated. Those persons erroneously charged under the attempt statute have received the benefit of a prosecutorial mistake—a mistake for which defendant has no standing to complain.

---

[8] A corollary error is created when prosecutors accept guilty pleas to the nonexistent offense of attempted uttering and publishing. We are not unaware of *People v McCormick,* 39 Mich App 616 (1972), but reject any intimation created by this decision that the crime of attempted uttering and publishing exists which may be charged by the prosecutor in his discretion. In view of the present decision, prosecutors must refrain from bargaining for guilty pleas to this nonexistent inchoate offense which could not be charged in the first instance.

V. *Was defendant denied a fair trial by the trial judge's erroneous and confusing jury instructions and improper interpretation of the jury verdict?*

Defendant's allegation of error that the jury received erroneous and confusing instructions has not been properly preserved for appeal by timely objection. GCR 1963, 516.2. Absent manifest injustice, alleged errors will not be heard for the first time on appeal. *People v Mallory,* 2 Mich App 359 (1966); *People v Charles Jackson,* 21 Mich App 132, 133 (1970); *People v Spaulding,* 42 Mich App 492 (1972). We find no such injustice upon the record presented.

Defendant's final allegation that the jury verdict was improperly interpreted is devoid of merit. The jury was confronted with two possible verdicts: guilty of the charged offense and not guilty. Our review of the jury verdict rendered reveals neither the improper interpretation nor prejudice submitted by defendant.

Finding none of the allegations raised meritorious, we affirm defendant's conviction.

Affirmed.

McGREGOR, J., concurred.

DANHOF, J., concurred in result only.