PEOPLE v FUDGE

1. WITNESSES—INDORSEMENT OF WITNESSES—JUDGE'S DISCRETION—AP-
    PEAL AND ERROR.
    The determination of an application to indorse a witness made
        during trial by either party lies within the discretion of the
        trial court and will not be disturbed on appeal except for an
        abuse of that discretion.

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—
    EYEWITNESSES.
    The res gestae rule, which requires that all res gestae witnesses
        be indorsed, encompasses not only eyewitnesses but also any
        other witness whose testimony may aid the making of a fair
        presentation of the res gestae of the crime charged and may be
        necessary to protect the accused from being the victim of a
        false accusation.

3. WITNESSES—CRIMINAL LAW—IDENTIFICATION—INDORSEMENT.
    Witnesses who were present at the scene of a crime but cannot
        identify the defendant as the perpetrator must be indorsed in a
        criminal prosecution wherein identification is in issue.

4. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
    —PREJUDICE.
    A defendant was not prejudiced so as to require reversal of his
        conviction by the denial of his motion to have a person in-
        dorsed as a res gestae witness where, after the denial, the
        defendant called that person as his own witness and the wit-
        ness's testimony was that the defendant was not with him at
        the scene of the crime and the witness's other testimony was
        entirely favorable to the defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60.
[2, 4] 29 Am Jur 2d, Evidence § 708 *et seq.*
[5] 81 Am Jur 2d, Witnesses § 523 *et seq.*
[6] 75 Am Jur 2d, Trial §§ 548–558.
[7] 36 Am Jur 2d, Forgery § 20.
[8] 36 Am Jur 2d, Forgery §§ 24, 25.
[9] 21 Am Jur 2d, Criminal Law §§ 442 *et seq.,* 452.

5. Criminal Law—Impeachment of Defendant—Prior Convictions —Statutes—Discretion.

Impeachment of a defendant by the introduction of his prior convictions is expressly permitted by statute and is a matter of the trial court's discretion (MCLA 600.2159; MSA 27A.2159).

6. Criminal Law—Appeal and Error—Motions—Directed Verdict of Acquittal—Reasonable Doubt.

A reviewing court, in passing on a motion for a directed verdict of acquittal in a criminal case, must consider only the evidence which has been introduced at the time the motion was made, view that evidence in the light most favorable to the prosecution, and determine whether that evidence, if credible and believed, would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt.

7. Forgery—Uttering and Publishing—Elements of Offense.

The elements of the offense of uttering and publishing are: (1) the accused knew that the instrument was false; (2) the accused had an intent to defraud; and (3) the forged instrument was presented for payment (MCLA 750.249; MSA 28.446).

8. Forgery—Uttering and Publishing—Presentment—Unindorsed Check.

A forged instrument need not be accepted as good to complete the crime of uttering and publishing, but must merely be offered as valid; therefore, a forged check need not be indorsed for presentment to be complete.

9. Criminal Law—Identification—Suggestiveness—Clear Error— Appeal and Error.

The ruling of a trial court, at a separate hearing, that an identification of a defendant at the preliminary examination was not impermissibly suggestive may be reversed only if it is clearly erroneous.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted October 7, 1975, at Grand Rapids. (Docket No. 21686.) Decided January 8, 1976.

Clayborne Fudge was convicted of uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael G. Slaughter,* Assistant Prosecuting Attorney, for the people.

*Robert L. Hencken,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and R. B. BURNS and G. R. DENEWETH,* JJ.

PER CURIAM. Defendant was convicted, on July 2, 1974, by a Kalamazoo County Circuit Court jury of uttering and publishing as true a forged check in violation of MCLA 750.249; MSA 28.446. He was subsequently sentenced to a term of from 7 to 14 years and now appeals of right.

It was undisputed at trial that the check in question had been stolen from Delta Car Corporation of Kalamazoo. The check was filled out with the name Noel Wade as payee, and Robert English as maker, in the amount of $100.87, dated February 20, 1973. Neither individual was connected with Delta Car Corporation, nor was any Robert English authorized to sign checks there. Defendant was charged with uttering and publishing the check at Libin's Varsity Shop located in Kalamazoo.

Michael Turcott, a store employee at the time, testified that, on the night in question, he observed a car in the parking lot, and that a man he identified as defendant exited from the passenger side. The witness could not identify the driver, other than the driver "appeared to be a male". Turcott stated that the defendant selected a pair of pants and asked if the store would take a payroll check as payment. Defendant gave him an identification card which had defendant's picture

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and bore the name of Noel Wade. The witness went to the back of the store to consult the assistant manager, taking the check and identification card with him. According to Turcott, defendant stated that he was going to a drug store next door to get his wife. Defendant then left the store, leaving the check and identification behind. Turcott then testified he saw the defendant leave in the same car, at which point he noted the license plate number on a slip of paper. A police officer testified that the car was titled to one Jack Brayboy.

The defendant offered the defense of alibi. Witnesses were produced and testified that the defendant was present at a family party during the time in question. The defendant also testified to the same effect. Brayboy, the owner of the car and the defendant's nephew, was called by the defense and testified that he had gone to the shopping center where the Varsity Shop was located with two passengers, but that the defendant did not accompany him.

On appeal, defendant's first claim of error is that the trial court erred by refusing a defense motion to have Jack Brayboy endorsed and produced as a res gestae witness. Defendant's motion was made during trial. The determination of an application made during trial by either party to endorse a witness lies within the discretion of the trial court and will not be disturbed on review except for an abuse of discretion. *People v Tann,* 326 Mich 361; 40 NW2d 184 (1949).

The court denied defendant's motion because it held that Brayboy was not a res gestae witness. The only information regarding Brayboy's involvement before the court at the time it denied defendant's motion was that he owned the car in which

defendant allegedly fled. It was not clear whether Brayboy was in the car. If he was in the car, under the standards enunciated in *People v Kayne,* 268 Mich 186; 255 NW 758 (1934), and *People v Harrison* 44 Mich App 578; 205 NW2d 900 (1973), he would have been a res gestae witness. Those cases stress that the res gestae witness rule encompasses not only eyewitnesses, but also any other witness whose testimony may aid the making of "a fair presentation of the *res gestae* of the crime charged" and may be "necessary to protect the accused from being the victim of a false accusation". 268 Mich at 194. The *Harrison* case, citing *People v Blazenzitz,* 212 Mich 675; 180 NW 370 (1920), notes that, where identification is in issue, witnesses who were present at the scene and cannot identify defendant as the perpetrator, must be endorsed.

Here, if Brayboy were in the car in which the perpetrator fled, his testimony would surely be vital to the validity of the store clerk's identification. The problem here is that the court could not, at the time it decided, know whether Brayboy was in the car. This information should have been provided by the prosecutor. Diligent police work would have included questioning Brayboy. As the prosecutor noted, however, Brayboy was not questioned. The prosecutor gave no reason for this failure. In such a case, we feel that the party to be penalized is the plaintiff who has historically had the duty to present the entire res gestae of the offense, *Hurd v People,* 25 Mich 405 (1872). See also *People v Simpson,* 57 Mich App 320; 225 NW2d 748 (1975). We choose to resolve any doubt against plaintiff. As this Court noted in *People v Harrison, supra,* the more prudent practice would have been to have endorsed the witness condition-

ally. The witness may then be subject to voir dire from which the trial court may make its determination. 44 Mich App at 590.

We find, however, that the nonendorsement of Brayboy did not prejudice defendant so as to require reversal of his conviction. After his motion to endorse was denied, defense counsel called Brayboy as his own witness. Brayboy testified that he, in fact, had been in the car but that defendant was not with him. Brayboy claimed that he had two companions, neither of whom resembled defendant. He refused to identify them or to describe their actions because he claimed that such testimony would incriminate him. The only prejudice suffered by defendant's having to call Brayboy as his witness was an inability to impeach him. We find no place in the record where defendant would have wanted to impeach Brayboy, whose testimony was entirely favorable to defendant.

Defendant's second claim is that the trial court erred in allowing the defendant to be impeached by the use of prior criminal convictions. Defendant asks us to read *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), as absolutely forbidding the impeachment of a defendant by use of prior convictions. This reading is supported, defendant claims, by the fact that five justices in *Jackson* agreed on this principle, although they disagreed on its promulgation.

We must disagree with defendant for the same reason as did another panel of this Court in *People v Burse,* 62 Mich App 204; 233 NW2d 232 (1975). As long as MCLA 600.2159; MSA 27A.2159 expressly permits the trial judge to use his discretion to allow impeachment of a defendant by introducing his prior convictions—which the trial court did here—we are unable to reject this ability. A major-

ity of the justices in *Jackson* were similarly disinclined. The Supreme Court has stated in this regard:

"[A] majority of the Court must agree on a ground for decision in order to make that binding precedent for future cases. If there is merely a majority for a particular result, then the parties to the case are bound by the judgment but the case is not authority beyond the immediate parties." *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973).

Until the Supreme Court or the Legislature changes MCLA 600.2159; MSA 27A.2159, we are bound by it as applied in *Jackson.*

Defendant next argues that the trial court erred in refusing to grant defendant's motion for a directed verdict as to the charge of uttering and publishing. In passing on a motion for a directed verdict of acquittal in a criminal case, the reviewing court must (1) consider only the evidence which has been introduced at the time the motion was made, (2) view that evidence in the light most favorable to the prosecution, and (3) determine whether that evidence, if credible and believed, would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt. *People v Royal,* 62 Mich App 756; 233 NW2d 860 (1975).

The elements of the offense of uttering and publishing are:

"(1) the accused knew that the instrument was false;

"(2) the accused had an intent to defraud, and;

"(3) the forged instrument was *presented* for payment." *People v Brandon,* 46 Mich App 484, 491–492; 208 NW2d 214 (1973), *lv den* 391 Mich 815 (1974) (Emphasis in original, citations omitted.)

Defendant claims that, because the check in question was never endorsed, there was no presentment in a form sufficient for payment and, thus, no crime.

We disagree. While the question of whether endorsement is necessary to complete presentment has never been decided in this jurisdiction, three other states have held that it is not. *Fields v State,* 515 P2d 1402 (Okla Crim App, 1973), *Gentry v People,* 166 Colo 60; 441 P2d 675 (1968), *People v Christison,* 396 Ill 549; 72 NE2d 185 (1947). To utter and publish a forged instrument is "to declare or assert, directly or indirectly, by words or actions, that an instrument is good". 3 Gillespie, *Michigan Criminal Law & Procedure* (2d ed), § 1503, p 1881. It has long been the law in this jurisdiction that the forged instrument need not be accepted as good, but merely that it is offered as valid. *People v Brigham,* 2 Mich 550, 551 (1853), *People v Caton,* 25 Mich 388 (1872). Once the offer is made, the crime is complete. *People v Brandon, supra.* See also *People v Fields,* 30 Mich App 264; 186 NW2d 77 (1971), where a conviction on the same facts was affirmed, but the court did not directly consider this issue.

Defendant's fourth contention is that the in-court identification of defendant by Michael Turcott was irreparably tainted by impermissibly suggestive pre-trial identification procedures and that its admission was reversible error. The trial court held a hearing to determine the possibility of impermissible suggestivity. Defendant's claim was that the identification of defendant by Turcott at the preliminary examination was suggestive. The court ruled that it was not. Such a ruling may be reversed only if clearly erroneous. *People v Blassingame,* 59 Mich App 327; 229 NW2d 438 (1975).

Our review of the record shows that the trial court did not err. Defense counsel was not defendant's attorney at the preliminary examination and presented few facts to support his claim. Viewing these facts in light of the standards enunciated by *People v Solomon,* 47 Mich App 208; 209 NW2d 257 (1973), *rev'd* 391 Mich 767 (1974) (adopting dissent by LESINSKI, C. J.), we find that the preliminary examination was not so impermissibly suggestive as to taint the in-court identification.

We find that defendant's two other claims of error are without merit and do not require our discussion.

Affirmed.